# Hirsh Rose and Herman Gauss, *vs.* Samuel Bevan, and others.

A bill, alleging that the complainants had recovered judgments against one of the defendants, on which executions had been issued and levied upon certain goods in a store, and that the other defendant interposes a prior mort-

gage of these goods to prevent a sale thereof to satisfy the judgments, and that the property so mortgaged and levied upon, is more than sufficient to pay the mortgage, and that the mortgagor has no other property out of which the judgments can be satisfied, and has, since the execution of the mortgage, been permitted to use and dispose of the goods, and that part of the goods levied on are not the same as those mortgaged but others, and that unless the goods levied on be taken from the possession of the mortgagor they will be disposed of and the complainants subjected to an entire loss of their claims, makes a *good case* for an injunction restraining the mortgagor from selling the goods, and the *appointment of a receiver.*

A mortgage of a stock of goods in a store, "and also other property and effects which may *hereafter* be brought into said building by the mortgagor, or may be *substituted* by him in lieu of that hereby mortgaged," conveys to the mortgagee no interest in, or lien on, such goods as were subsequently purchased out of the proceeds of the sale of those mortgaged.

A mortgagee, before he has the right to foreclose, has the right in case of apprehended danger or loss of the mortgaged goods, to have a *receiver appointed.*

Though a debtor's equitable estate in personal property cannot be seized and sold under a *fi. fa.*, yet a creditor may file his bill and obtain a decree for the sale of the property absolutely and pay off the incumbrances, and then satisfy his own claim.

APPEAL from the Superior Court of Baltimore city.

This is an appeal from an order granting an injunction and appointing a receiver, passed by the court below, (LEE, J.,) upon a bill filed by the appellees against the appellants. The allegations of the bill are sufficiently stated in the opinion of this court. The mortgage from Gauss to Rose, dated the 1st of April 1854, referred to in the bill and exhibited with it, conveys all the stock in trade and household and kitchen furniture, in the house and store occupied by the mortgagor, "and also all other property and effects which may hereafter be brought into said building by the said Gauss, or may be substituted by him in lieu of that hereby mortgaged." The defendants, after filing their answers, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*John J. Snyder* for the appellants, argued:

1st. That no court of equity has a right to issue an injunc-

tion and appoint a receiver, or do either on such a bill as the present, and especially has not the right, before answer, to appoint a receiver. But even if it could have so acted before answer, the vague and indistinct allegations of the bill, dealing only in apprehension or conjecture, *not even imputing a fraudulent intent, or purpose, or combination to defeat* any rights of the complainants, could not warrant either receivership or injunction. The mere unexplained *"belief,"* without setting forth the *facts* upon which it is founded, is not sufficient. 4 *Gill,* 382, *Warfield vs. Owens.* The cases of *Clagett vs. Salmon,* 5 *G. & J.,* 348, and *Harris vs. Alcock,* 10 *G. & J.,* 251, do not, it is respectfully submitted, sustain the propositions for which they are cited by the other side. In neither of these cases was a receiver appointed, or indeed asked, and the injunction granted in the former case was upon the express allegation of a fraudulent purpose to defeat the complainant's claim.

2nd. That the court erred in ordering a receiver and injunction, because, as alleged in the bill, there was another suit then pending in the same court embracing the same subject. In the suit of Rose against these complainants, prohibiting them from proceeding with their writs of *fi. fa.,* the rights of both parties to this property would, or could have been, adjudicated and determined. Besides the indebtedness of Gauss to the complainants was contracted long after the execution of the mortgage to Rose, and which being of record, they are *presumed* to have had notice of its existence. At the time of filing this bill, Rose himself could not have successfully invoked the interposition of the court for the sale of the property, because his mortgage debt was not then due. By what right then can the complainants claim to have the property sold? There is nothing in the bill which will authorise this extraordinary interference.

*Geo. W. Dobbin and Wm. A. Talbott,* for the appellees, argued:

1st. That the levy of the execution set out in the bill gave the complainants an equitable lien upon the property mort-

gaged, and the mortgagee having asserted his mortgage claim, no sale could be made to satisfy the execution save by a decree of a court of equity. The complainants, therefore, were entitled to have a decree, to pay first, the mortgage debt, and then their executions, the averment in the bill (which on this appeal must be taken to be true) being, that the property was more than sufficient to pay the mortgage and execution debts: 10 *G. & J.*, 251, *Harris vs. Alcock.*

2nd. That as the mortgagee allowed the mortgagor to remain in possession and dispose of the property, and interposed his mortgage to prevent the possession of the mortgagor from being disturbed, and as the bill avers that the mortgagor had no other property to satisfy the executions, and that the property would be entirely made way with and disposed of, and the proceeds applied to other uses than paying the complainants' debt, the issuing of the injunction and appointment of a receiver was the only mode by which the rights of the complainants could be preserved. 5 *G. & J.*, 348, *Clagett vs. Salmon.*

LE GRAND, C. J., delivered the opinion of this court.

This appeal is taken from an order of the Superior Court of Baltimore city, sitting in equity, granting an injunction and appointing a receiver, on a bill filed by the appellees against the appellants.

The material averments of the bill may be thus stated: The appellees sold, at various times, to the appellant, Gauss, certain dry goods for which, from time to time, they took his promissory notes, which not being paid on their maturity, suits were brought before a justice of the peace, and judgments obtained thereon, amounting in number to five, whereon writs of *fi. fa.* were issued, and levied on the goods of the said Gauss. The bill then alleges that the appellant, Rose, by virtue of a mortgage executed to him by Gauss, claims to prevent the execution and sale of the goods levied upon to satisfy the judgments of the appellees; that the property claimed to have been mortgaged, and in fact levied upon, is in value more than sufficient to satisfy the mortgage; that the appellant, Gauss, has no other property out of which the judgments of the appellees can be

Rose & Gauss, *vs.* Bevan, *et al.*

satisfied. The bill further avers that since the execution of the mortgage the appellant, Gauss, has been permitted to use and dispose of the goods mortgaged to Rose, and that a part of the goods levied on are not the same goods as those mortgaged, but others; that if the goods levied upon be not taken from the possession of Gauss they will be disposed of, and the appellees subjected to an entire loss of their claim. The bill asks an injunction to prevent Gauss from selling the property, the appointment of a receiver to take charge of them, and sale thereof to satisfy, after the payment of the debt, secured to be paid by the mortgage to Rose, the claim of the appellees. The bill undoubtedly makes a good case. Its averments, on this appeal, whatever may be the real state of the case, must be taken as true. Among other things it denies the property levied upon to be the same as that covered by the mortgage. If it be not the same, then, to the extent of the difference, the mortgagee has no right to interfere, or, if any portion be the result of purchases made out of the proceeds of sale of the goods mortgaged, he has no right, as to such portion, to interfere, he having no interest in, or lien on, the same. *Hamilton vs. Rogers,* 8 *Maryland Rep.,* 301. The case of *Clagett vs. Salmon,* 5 *Gill & John,* 315, establishes the right of a mortgagee, before he has a right to foreclose, in the case of apprehended danger, or loss of the goods, to have a receiver appointed, and the case of *Harris & Chauncey, vs. Alcock,* 10 *Gill & Johnson,* 251, shows that, although a debtor's equitable estate in personal property cannot be seized and sold under a *fieri facias,* yet, a creditor may file his bill and obtain a decree for the sale of the property absolutely, and pay off the incumbrances, and then satisfy his own claim. This is the case made by the present bill, and we therefore affirm the order appealed from and remand the cause for further proceedings.

<div align="right">

*Order affirmed and cause remanded.*