## GEORGE M. CHAPMAN *vs.* ISAAC L. HUNT.

A chattel mortgage is a valid contract under the laws of this state, and the rights of the parties under it will be protected and enforced at law and in equity.

The interest of the mortgagee in personal property, where the possession remains with the mortgagor and before condition broken, cannot be taken in execution as the property of the mortgagee.

After forfeiture the mortgagee, even without foreclosure, may, upon due notice, sell and transfer the absolute right to the chattels.

Actual possession of the chattel is not essential to support his title.

Equity will not permit the mortgagor to sell the chattels to which the mortgagee has the legal title and the right of immediate possession, and to place them beyond the reach of the mortgagee and the control of the court.

*Keasbey*, for the motion.

*Richey*, contra.

THE CHANCELLOR. The bill in this case was filed to foreclose certain chattel mortgages given by the defendant, and now held and owned by the complainant. The bill prays that the property mortgaged may be sold to pay the mortgage debt; that in the mean time the defendant may be restrained by injunction from aliening, encumbering, or otherwise disposing of or interfering with it, and that a receiver may be appointed. An injunction issued pursuant to the prayer of the bill. No application has been made for the appointment of receiver. No answer has been filed to the bill, but the defendant has demurred for defects both of form and substance. A motion is now made to dissolve the injunction for want of equity in the

bill, and because the injunction, as to the extent of its requirements, was illegally and improvidently issued.

A chattel mortgage is a valid contract under the laws of this state, and the rights of the parties under it will consequently be protected and enforced at law and in equity upon the principles, to the extent and in the mode in which those tribunals respectively enforce contracts and administer relief. *Doughten* v. *Gray*, 2 *Stockt.* 323; *Runyon* v. *Groshon*, 1 *Beasley* 86; *Long Dock Co.* v. *Mallery*, 1 *Beasley* 93, 431; *Miller* ads. *Shreve and Pancoast* (Sup. Court, June term, 1861, not yet reported).

In *Doughten* v. *Gray*, the Chancellor declares, that "in New Jersey the same doctrine prevails as to the respective rights of mortgagor and mortgagee of personal property, and as to the character of their respective interests, as governs mortgages of real property." An obvious and necessary qualification of this general doctrine will be found in the opinion of the Chief Justice in *Miller* ads. *Shreve et al.*, where the doctrine is thus stated. Mortgages of personal property are valid by the laws of New Jersey, and the rights of the mortgagees are similar to those of mortgagees of real estate, except in those respects in which the title to chattels and real estate differ.

Indeed, so far as I am aware, the validity of a chattel mortgage, as between the parties, mortgagor and mortgagee, has never been seriously questioned. There is no reason, indeed, why that form of contract should not be as valid and obligatory between the parties as any other which they may choose to adopt. The effect of the contract upon the rights of others and the precise rights of the parties under the contract have been and still are the subject of discussion and of some difficulty.

There is no denial in the present case of the complainant's right to foreclose the mortgage, to have the chattels sold, and the proceeds applied in satisfaction of the mortgage debt. That right was expressly adjudicated in the case of *Long Dock Co.* v. *Mallery*, 1 *Beasley* 93. But it is

urged that the mortgagor, being in possession, has the right to sell or encumber the property; that he thereby, as in case of real estate, merely disposes of the equity of redemption, and does not affect the rights of the mortgagee. In *Doughten* v. *Gray*, already cited, the Chancellor said, "the mortgagor is in possession, and his title is a perfect one, subject only to the payment of the debt. He is the real and substantial owner of the property for every valuable purpose. He may sell it, subject of course to the mortgage." It will be found, nevertheless, that there is necessarily resulting from the nature of the thing mortgaged a clear distinction between the sale of a chattel and of real estate by the mortgagor, and of the right of the mortgagor to exercise the power of sale. In the case of the sale of real estate by the mortgagor nothing passes but the equity of redemption. It may be sold by execution at law and the purchaser be put in possession. The sheriff thereby incurs no liability, the rights of the mortgagee are in no wise interfered with, the purchaser takes subject to his title. But in the case of personal chattels, where delivery and possession constitute the evidence of title, the case is entirely different. In the case of *Doughten* v. *Gray* the property mortgaged was assigned by the mortgagor for the benefit of creditors. It was levied upon under execution against the mortgagee. The assignee sold the chattel, and converted it into money. It was held that the chattel, not the mere equity of redemption, passed by the sale, that the purchaser became the owner at law, and that the mortgagee had an equitable lien on the proceeds of the sale for the payment of the purchase money. It was further held, that the interest of the mortgagee in personal property, where the possession remains with the mortgagor, and before condition broken, cannot be taken in execution as the property of the mortgagee. In *Miller* ads. *Shreve and Pancoast*, the chattels mortgaged were seized in the hands of the mortgagor, upon execution at law against him, and held by

the sheriff before the money was due upon the mortgage. The court held that the sale by the sheriff was a conversion of the property sufficient to maintain trover; that the plaintiffs at the time had title and the right of immediate possession; that the sale by the sheriff was a trespass upon the plaintiff's property, and therefore an unlawful conversion. *Brackett* v. *Bullard*, 12 *Metc.* 308.

But whatever may be the right of the mortgagor to sell the chattel prior to the forfeiture, there is no pretence of such right after the forfeiture has occurred. By the mortgage, the whole legal title passes conditionally to the mortgagee; and if the goods are not redeemed at the time stipulated the title becomes absolute at law, though equity will interfere to compel a redemption. Actual possession is not essential to support his title. Upon due notice without foreclosure he may sell and transfer the absolute right to the chattel. *Story on Bail.* 287, and cases cited, *note* 2; *Story's Eq. Jur.* § 1031, and cases cited, *note* 3; *Runyon* v. *Groshon*, 1 *Beasley* 86.

In the case before the court the mortgage was forfeited. The mortgagor had failed to pay the debt. The mortgagee was entitled, by the express terms of the mortgage, to take possession of and sell the mortgaged property, and apply the proceeds to the payment of the debt. But to bar the equity of redemption he filed his bill in this court to obtain a foreclosure and sale. While in the process of foreclosure the court will surely not permit the mortgagor to sell the property to which the mortgagee has the legal title and the right of immediate possession, and to attempt to place it beyond the reach of the mortgagee or the control of the court. The bill charges that the defendant threatens and intends to sell the mortgaged property, and I entertain no doubt of the power of the court to prevent such sale by injunction, nor of the propriety of its exercise.

It is further objected that the bill does not charge that the notes included in and intended to be secured by the

mortgage given to Samuel I. Hunt were ever assigned to the complainant. Whether the charge in the bill is sufficient to include all the notes intended to be secured by the mortgage may, perhaps, admit of doubt. But the bill does expressly charge that Hunt, the mortgagee, did assign to the complainant the said mortgage, *and the notes therein mentioned*, with full power to collect the same. It avers, also, that these notes remain due and unpaid. Whether, therefore, the averment of transfer includes all the notes intended to be secured by the mortgage, and now claimed to be due to the complainant, is immaterial to the present inquiry.

It is further objected that the bill is multifarious; that there is a misjoinder of causes of action; that the proper parties are not all before the court. These and other objections of a like technical nature have been made the subject of demurrer, and will be considered upon the argument of the demurrer. No opinion is now intended to be expressed in regard to them. If the bill is defective in these particulars it may be amended. If there is equity in the bill, they constitute no ground for dissolving the injunction.

The injunction must nevertheless be modified. It is too broad. It not only enjoins the defendant from selling, disposing of, or carrying away any of the mortgaged property, but also from intermeddling with the property, and from confessing any judgment to prefer other creditors over the complainant. From the very nature of the property mortgaged, it consisting in part of the defendant's household furniture, stock, and farming utensils, some degree of intermeddling with the property is unavoidable. The defendant has a right to confess judgments to his creditors. If the complainant's mortgage is valid, such judgments cannot affect his rights. The injunction must be modified accordingly. The motion to dissolve is denied without costs.