## STEPHENS v. PENCE.

1. **Practice**: EVIDENCE. Where evidence offered is not objected to, the adverse party cannot insist in the Supreme Court, for the first time, that such evidence was not properly before the trial court.

2. **Mortgage**: ON CHATTELS: DESCRIPTION. A chattel mortgage on "goods, wares and merchandise," then in stock in a certain store-room and to be added to replenish such stock, was held to cover barrels of salt kept for sale as a part of the stock and stored in a shed used in connection with the store, and also barrels of kerosene oil which had been temporarily removed from the store.

*Appeal from Linn District Court.*

SATURDAY, JUNE 11.

ACTION to recover the possession of three barrels of kerosene oil, and sixty-eight barrels of salt, to which it was alleged in the petition the plaintiff was entitled under a chattel mortgage executed by Keyes & Parkhurst, and which the defendant had wrongfully taken into his possession. The defendant is a constable, and justified the taking under an execution against Keyes & Parkhurst. Trial to the court. Judgment for the plaintiff, and defendant appeals.

*G. W. Wilson*, for appellant.

*Jas. D. Giffin*, for appellee.

SEEVERS J.—I. Conceding the evidence is all before us, which, however, is denied in an amended abstract, the errors will be briefly considered. The first is that the mortgage was not introduced in evidence, and, therefore, it is insisted the plaintiff failed to show he was entitled to the possession of the property in controversy. The abstract states: "Plaintiff's counsel offers in evidence the mortgage attached to plaintiff's petition." To this no objection was made. It is evident the mortgage was regarded by the court below as having been introduced as evidence, and

1. PRACTICE: evidence.

rightly so, because no objection was made when it was offered. The point now insisted on is without merit, and cannot be urged for the first time in this court.

II.  It is assigned as error that the property in controversy was not included in or covered by the mortgage.   The follow-

2. MORTGAGE: ing is the description of the property contained
on chattels:
description.   in the mortgage.   "Our entire stock of goods, wares and merchandise, consisting of groceries, queensware, confectioneries, feed, provisions and all articles of goods, wares and merchandise now in stock, and that may hereafter be added to said stock, to stock up and replenish the same, in the store-room now occupied by us as a grocery store, being No. 21, on lot 8, block 13, Marion, Iowa."

It is said neither kerosene or salt are groceries, queensware, confectioneries, feed, or provisions.   Conceding this, kerosene and salt, clearly, we think, are included in the language "All other articles of goods, wares and merchandise now in stock, and that may hereafter be added to stock up and replenish the same," for, certainly, kerosene and salt are goods and merchandise.

The salt was in a shed on the premises used in connection with the store room, for the purpose of storing salt and other articles kept for sale, and the kerosene, when levied on, was on the pavement in front of the store, but there was evidence tending to show it had been rolled out of the store for some purpose which does not appear, in the morning of the day it was levied on by the defendant.   The court, we think, under the evidence was justified in finding such removal was temporary, and that while it was on the pavement in front of the store room, and the salt in the shed, they were covered by the mortgage.

III.  It is lastly insisted that after acquired property cannot be mortgaged.   It has been held otherwise, and the rule on this subject in this State must be regarded as settled. *Scharfenburg v. Bishop*, 35 Iowa, 60.

AFFIRMED.