ESSHOM v. WATERTOWN HOTEL CO.

1. Where a lease of an hotel contains a stipulation for the payment of rent
   monthly, and a stipulation for the purchase of the hotel furniture by

the lessees at a fixed price, payable in installments, and also contains the further stipulation that "the articles so purchased shall be held by the party of the first part [the lessor] as a pledge and lien for the performance of the agreement," and that the possession of the same shall not pass out of the lessor, the lessor has a lien upon such furniture for all the installments stipulated to be paid as the purchase price of the same, and also for all rent that may accrue under such lease, as against the lessees and all persons claiming such furniture under the lessees with actual notice of the lien.

2. When, on the trial of an action in claim and delivery, by one claiming title to the furniture described in such lease by purchase from the lessees, with notice that the lessor has a lien thereon for the purchase price of such furniture, and also for rent that may accrue, and it appears that at the time such action was instituted there was due and unpaid to said defendant an installment upon the furniture, and two or more months' rent, the plaintiff is not entitled to recover in such action.

3. And when, upon the trial of such action, the plaintiff introduces such lease in evidence, the defendant may avail itself of the stipulations in such lease establishing its lien upon the property claimed in the action, and as precluding a recovery by the plaintiff, without pleading such lien as an affirmative defense to the action.

(Syllabus by the Court. Opinion filed May 11, 1895.)

Appeal from circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Action in claim and delivery. There was a verdict for plaintiff, and from an order granting a new trial plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*C. X. Seward, W. S. Glass,* and *Julian Bennett,* for appellant.

A retrial should not be allowed because of erroneous instructions or rulings by the trial court when upon the facts and law of the whole case, the judgment is in fact correct. Ganson v. Madigan, 82 Am. Dec., 659; Rockhill v. Spraggs, 68 Am. Dec., 607; Greery v. Cummins, 48 Am. Dec. 444; Sandmeyer v. Dakota, 50 N. W. 353; O'Brien v. Brady, 23 Cal. 243; Caulfield v. Bogle, 2 Dak. 464; Henry v. Dean, 6 Dak. 78.

Where it is manifest from the record that the case has been fairly tried upon its merits resulting in a right·verdict, it will not

be reversed because of any intermediate errors that may have occurred. Mann v. Welton, 32 N. W. 589; Bothwell v. Milliken, 3 N. E. 816; Railroad v. Barnes, 18 N. W. 459; Levitzky v. Canning, 33 Cal. 299; Hebard v. Jeffersoh, 33 Cal. 230.

*D. C. and W. R. Thomas,* and *Mellette & Case,* for respondents.

Before an action of replevin will lie for the recovery of personal property, which has lawfully come into the possession of the party from whom it is claimed, a demand must be made for it, after its delivery is due. Am. and Eng. Enc. of Law, 5, 528; White v. Brown, 5 Law, 78; Caldwell v. Pray, 2 N. W. 52. Where there is a conflict in the evidence the discretion of the trial court in ordering a new trial should not be disturbed by the appellate court. Stewart v. Town, 16 N. W. 112. Bearss v. Sherman, 13 N. W. 869; Price v. Schaden, 55 Cal. 406; Bromer v. Wetzlas, 55 Cal. 419; McLumans v. City, 15 N. W. 194; Smith v. Lauder, 58 Wis. 587; Langdon v. Buel, 9 Wend. N. Y. 80; Whiting v. Eichelberger, 16 Ia. 422.

CORSON, P. J. This was an action in claim and delivery, in which the plaintiff sought to recover the possession of certain hotel furniture, to which he claimed title by virtue of a sale of the same made to him by the firm of Meech & Esshom, composed of Frank Meech and F. E. Esshom. A trial was had before a jury and a verdict rendered in favor of the plaintiff. A motion for a new trial was made and granted, and from the order granting a new trial the plaintiff appeals.

The motion for the new trial was made upon the following grounds: "(1) That said verdict in said action was contrary to the law; (2) that said verdict was contrary to the law and the evidence; (3) that the evidence in the said action was insufficient to justify said verdict; (4) that said verdict was contrary to the evidence; (5) errors in law occurring during the trial of said cause, and excepted to by the defendant." It will be observed that one of the grounds is the insufficiency of the evidence to

justify · the verdict. The general rule governing appellate courts in reviewing an order granting or refusing a new trial is thus stated in Hodges v. Bierlien (S D.) 56 N. W. 811, and approved in Alt v. Railway Co. (S. D.) 57 N. W. 1126: "An application for a new trial upon the ground of the insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion. The rule is too well established to need supporting authorities. * * * It may be said that this is the general, if not universal, rule; and it may be supplemented with the suggestion that a stronger case must be made to justify the interposition of an appellate court when a new trial has been granted than when it has been refused." It is contended by the learned counsel for appellant, in the case before us, that there was no specification in the bill of exceptions of the particulars in which the evidence was insufficient to sustain the verdict, and, therefore, the trial court could not have properly reviewed the evidence on the motion, and for the same reason this court is precluded from reviewing the evidence, and the only questions this court can review are the errors of law. This contention would have great force, had a new trial been denied, as this court would have presumed, in such case, that the trial court denied the motion for the reason that the particulars in which the evidence was insufficient were not stated in the bill of exceptions. But our understanding of the practice is that when the new trial is granted no such presumption will be indulged, but that the defect in the bill of exceptions will be deemed waived, and the evidence held as considered by the trial court on the motion, as all presumptions are in favor of the correctness of the rulings of the trial court. We cannot say, therefore, that the new trial may not have been granted by the trial court upon the ground that in its opinion the evidence was insufficient to sustain the verdict. On motions for a new trial before the trial court, that court is vested with a much larger discretion than an appellate court; and, unless there has been a manifest abuse of the court's discretion when a new trial is granted, the action of such court will not be reversed,

An examination of the record in this case satisfies us that the trial court not only did not abuse its discretion, but very properly granted the new trial, upon the ground that the evidence was insufficient to sustain the verdict, or in other words, that the verdict should have been for the defendant, upon the plaintiff's own evidence. The case seems to have been tried, and the verdict found for plaintiff, upon the theory that the alleged sale from Meech & Esshom to the plaintiff conveyed the legal title to the furniture, and that he was entitled to the same without any regard to the defendant's lien upon the same by virtue of its contract and lease. The defendant's lien or mortgage seems to have been overlooked or disregarded. The rights of the respective parties rested upon the contract or lease bearing date September 5, 1888, made by the defendant, as party of the first part, and the firm of Meech & Esshom, of the second part, which was introduced in evidence by the plaintiff, and the material parts of which, for the purposes of this decision, are as follows: "The said first party hereby agrees to rent, subject to the conditions hereinafter mentioned, to the second parties, the following described property, to-wit, the building situated in Watertown, Dakota, known as the 'New Hotel,' the property owned by the first party, * * * for the term of one year from and after October 1, 1888, with the privilege of four more years on the part of the second parties, providing they comply with the conditions and provisions hereinafter stated, but not otherwise. The rent shall be for the first year at and for the rate of $200.00 per month, to be paid for at end of month for first six months, and after that monthly in advance; the second year, if any shall be, at and for the rate of $250.00 per month in advance, and for and at the rate of $300.00 per month after the second year, monthly in advance. * * * Two months before the expiration of the first year,—that is, two months prior thereto,—the said second party must notify the said first party, in writing, of their intention to keep the premises four years more; otherwise this lease shall be only construed to run for one year. And before this lease shall be considered for longer than one year the second party

must purchase, and provide for the payment of, all the furniture, carpets, beds, and all and every other article in the house that are not fixtures, and part of the house.  This purchase must be consummated before the end of the first year, and the bills of purchase from the different houses of the different articles shall be considered in the estimation of their value.  The said second parties agree and are to pay the sum of three thousand dollars upon the purchase of the furniture and furnishings now or hereafter to be placed in said hotel by first party, the payment to be made as follows:  $1,000 on the delivery of these presents and executing of same, $1,000 on the first day of January following, and $1,000 on the first of April following.  The identical articles upon which these payments shall be applied to be designated by first party or its agents, but the articles so purchased shall be held by first party as a pledge and lien for the performance of the agreements herein, and the possession of the same shall not pass out of first party.  This agreement shall not be deemed binding on first party until after the second party shall have paid $1,000 to apply on purchase of furniture and other things.  *  *  *  Before possession is given under this lease the property, furniture, furnishings and other articles are to be listed by the parties, and the record kept thereof; and the second parties, on termination of lease, to deliver to first party, or agents, the goods so listed, or to pay for same, unless they shall have purchased such goods prior to such termination.''

On October 9th the said Meech & Esshom entered into possession of the leased premises, and on that day paid to the defendant $600, for which the following receipt was given:  "Watertown D. T., Oct. 9, 1888.  Received of Esshom & Meech six hundred dollars, to apply on contract under lease of hotel.  The Watertown Hotel Co., by W. R. Thomas, Treas."  The bill of sale under which the plaintiff claims title bears date of December 28, 1888.  It will be observed that, by the terms of the contract of lease, $1,000 on the furniture became due January 1, 1889, and the third and last payment on April 1, 1889.  The rent for October, No-

vember and December seems to have been paid. On March 11, 1889, the hotel company served upon Meech & Esshom the following notice: "To F. E. Esshom and Frank Meech, copartners as Esshom & Meech: For the non-payment of rent you are hereby notified to quit and vacate the premises now occupied by you, * * * known as the 'Arcade Hotel and Barn,' within thirty days after service of this notice, unless you pay $500 rent now due within that time, and the further sum of $1,000 due for furniture, as provided in the lease agreement." The rent therein specified was evidently for the months of January and February, 1889, and the $1,000 referred to was the installment on furniture due January 1st of that year. As a result of this notice, the said Meech & Esshom surrendered up possession of the hotel and furniture, but without prejudice to the rights of the plaintiff, whatever those rights may be, to the furniture. There was evidence tending to prove that the $600 paid October 9th was accepted as full payment of $1,000,—the other $400 being made up by the purchase of furniture by Meech & Esshom required to complete the furnishing of the hotel,—and for the purposes of this decision we shall assume that such was the fact. The fact that there was due the hotel company, when this action was commenced, $1,500, including rent, and this January installment upon the furniture, does not seem to be questioned. That being so, we are of the opinion that the hotel company had the undoubted right to retain the possession of the furniture, in order that it might foreclose its lien against the plaintiff as well as Meech & Esshom.

The plaintiff, in our opinon, took the title to the property subject to the prior lien of the hotel company. The clause in the lease constituted an equitable, if not a strictly legal, mortgage on the furniture. Under the Civil Code of this state, no particular form of words is required to constitute a chattel mortgage. Any language that indicates that a party hypothecates specific personal property for the performance of an act constitutes a chattel mortgage. Section 4346, Comp. Laws; Whiting v. Eichelberg, 16 Iowa, 422; Langdon v. Buel, 9 Wend. 80; Wright v. Bircher, 72

Mo. 179; Jones, Chat. Mortg. 13–15.  In Whiting v. Eichelberg, *supra*, the stipulation was quite analogous to the one before us, and the facts of the case were quite similar to those in the case at bar; it being a lease of a hotel, and sale of the hotel furniture.  In the opinion, WRIGHT, C. J., says: "It may be conceded that the agreement is not a mortgage in form.  Nor is it necessary that it should be, in order to preserve the lien of the vendor or his assignee.  As, in case of a mortgage, no particular form of words is necessary in order to give it that character, so when the party claims a lien, without having a technical mortgage, a court of equity will recognize and sustain it whenever, from the agreement or contract, it appears that it was so intended.  'Indeed, there is generally no difficulty; in equity, in establishing a lien, not only on real estate, but on personal property, or on money in the hands of third persons, whenever that is matter of agreement, at least against the party himself, and third persons who are volunteers, or have notice of it; for it is a general principal in equity that, as against the party himself, and any one claiming under him, voluntarily or with notice, such an agreement raises a trust.'  2 Story Eq. Jur. 1231; Legard v. Hodges, 1 Ves. Jr. 478; Dodsley v. Varley, 12 Adol. & E. 632.  In this case, appellant had full notice of the agreement.  It was on record; had been assigned to plaintiff; and his contract of purchase from W. P. Brazleton expressly refers to it."  The fact that no rent or installment for furniture was due on December 28, 1888, when the bill of sale was made to plaintiff, is not material.  The clause operated as a chattel mortgage, and bound the property for all rents or installments on the furniture that might thereafter become due.  A similar objection was taken in Wright v. Bircher, *supra*, but in regard to that objection the court says: "The position that the lien was only for rent that might at any time be in arrear, and there being none in arrear when the mortgages to Nannie M. Wright were executed, there was no lien in favor of Bircher at that time, cannot be maintained.  By a fair construction of the lease, the lien reserved was for the

full amount of the rents which, by its provisions, would accrue within the term for which the house was let. It was not to secure the first installment of rent which the lessees might fail to meet, only, as counsel contend, but each installment, and it created a lien as well for the last as for any preceding installment." It may therefore be assumed, as claimed by appellant's counsel, that the legal title to the furniture passed to Meech & Esshom, and from them to Barton Esshom; but it passed subject to defendant's prior lien, and under which the hotel company was entitled to the possession of the property at the time the action was instituted. Plaintiff was not entitled, therefore, to the possession of the property until the hotel company's lien was fully satisfied by the payment of all the indebtedness of Meech & Esshom, assumed by them under the terms of their lease and contract. The lien created was, like any other mortgage lien upon chattels, good as against the plaintiff, who took his bill of sale with full notice of all the facts. The appellant contended that, as the respondent and defendant did not plead this lien as a defense in its answer, it is not in a position to avail itself of the same in this action. Without at this time deciding whether or not the defendant could have proven the facts necessary to establish its lien without setting up the facts as an affirmative defense, it is sufficient to say that the facts showing plaintiff's lien were given in evidence by the plaintiff without objection, and it was therefore properly before the court and jury. The contract and lease were not offered for any special purpose, so far as the record discloses, and hence were in for all purposes. When a plaintiff, in making out his own case, proves facts that preclude him from recovery, the defendant may take advantage of such facts, even without pleading the defense affirmatively, unless such defense is by statute required to be pleaded to be available. When, therefore, the plaintiff introduced in evidence the lease, by the terms of which the defendant was given a lien upon the property, the possession of which was the subject of controversy, he could not recover without showing the lien was satisfied or waived. The property being in the posses-

sion of the defendant, its right to hold it could not be disturbed by the plaintiff without showing some superior right. This the plaintiff did not do. It may, for the purposes of this action, be admitted that he had the legal title to the furniture, but he proved no superior right to the defendant to its possession. A party to recover possession of personal property in an action of claim and delivery must show that he is entitled to the possession of the property at the commencement of the action. Proof of ownership might be sufficient, in most cases, to raise a presumption that he was entitled to the possession. But when, in addition to his proof of ownership, he proves affirmatively that, though he has the legal title to the property, yet that it is in the possession of one having a valid lien upon it, and who has a right to hold it until such lien is in some manner extinguished, he cannot recover the possession without showing the extinguishment or waiver of such lien. While possibly, in this case, the pledge, as such, was not effective while the property was in the possession of Meech & Esshom, it became effective when it came into the possession of the defendant, with the hotel, before the plaintiff acquired the possession of the property. So that the defendant had not only a valid lien upon the property in the nature of an equitable mortgage, but a lien and possession under its pledge at the time this action was commenced. Whatever, therefore, may have been the defendant's right to retain the possession under its lien, there can be no question as to its right under its pledge after the property came into its possession. From that time its right to retain the possession, as against the plaintiff, until the pledge was redeemed or foreclosed, cannot be questioned. These views lead to an affirmance of the order granting a new trial, and the same is affirmed.