VANDERPOOL PROPERTIES, INC., a Corporation Organized and Existing Under the Laws of the State of Florida, and GRODIN PROPERTIES, INCORPORATED, a Corporation Organized and Existing Under the Laws of the State of Florida, *Appellants, v.* HESS & SLAGER, INCORPORATED, a Corporation Organized and Existing Under the Laws of the State of Florida, *Appellees.*

En Banc.

Opinion filed October 18, 1930.

*Dillon, Ferguson & Wells,* for Appellants;

*J. E. Yonge,* for Appellee.

DAVIS, Commissioner:

This cause is here upon appeal from an order denying application for a temporary restraining order.

On January 20, 1925, the appellee, as lessee for a term of five years, with the privilege of renewal for another period of five years, entered into possession of a store building in the City of Miami, and thereafter operated therein a retail business. In January, 1929, the appellee ran or caused to be run an advertisement in one of the daily papers of Miami, that it would sell at auction without reservation its entire stock of merchandise, and at the time of and prior to the filing of the supplemental bill of complaint herein was actually engaged in selling at auction the said stock.

The lease, under which the appellee held the property contained the following provision:

"And the said lessee hereby pledges and assigns to the lessor all of the furniture, fixtures, goods and chattels of said lessee which are or may be brought or put on said premises, as security for the payment of the rent herein reserved, agrees that the said lien may be enforced by distress, foreclosure, or otherwise, at the election of the said lessor."

The complainants, one of whom was the lessor, and the other its assignee, alleged in their sworn bill that unless restrained

"By decree of this Honorable Court, the said defendant will proceed as advertised, to sell at auction the entire stock of goods now located on the premises aforesaid, without reservation, thereby greatly impairing the security of your orators. And your orators further show unto Your Honors that if said stock of goods is sold, that the mortgaged property which will remain on said premises will be insufficient in value to satisfy the sums still remaining unpaid on

said lease, which sums are secured by the mortgage aforesaid.''

There are two questions involved in this case; namely, First, did the quoted provision of the lease given to the lessor create a mortgage lien upon the stock of merchandise and fixtures that could be enforced against the appellee? And, second, If such a mortgage lien was created, did the holder of the lease under the circumstances have a right to an injunction for the protection of any present or future right he had under and by virtue of the instrument?

This Court has held that an instrument will be held a mortgage, whatever may be its form if, taken alone or in connection with the surrounding facts, it appears to have been given for the purpose of securing the payment of money. Hull v. Burr, 58 Fla. 432, 475, 50 So. R. 754; Connor v. Connor, 59 Fla. 467, 52 So. R. 727; Pittman v. Milton, 69 Fla. 304, 68 So. R. 658.

In 11 C. J. 417, it is said:

''A clause in a lease reserving a lien for rent, on crops or personal property on the premises, does not necessarily change the nature of the instrument and cause it to become a chattel mortgage; but where such a clause is inserted, it has generally been held that the instrument operates as a mortgage, or is in legal effect a mortgage of the property.'' See also Borden v. Croak, 131 Ill. 68, 22 N. E. R. 793, 19 A. S. R. 23; McNeal v. Rider, 79 Minn. 153, 81 N. W. R. 830, 79 A. S. R. 437; Wright v. Bircher, 72 Mo. 179, 37 A. R. 433; Reynolds v. Ellis, 103 N. Y. 115, 8 N. E. R. 392, 57 A. R. 701; Esshom v. Watertown Hotel Co., 7 S. D. 74, 63 N. W. R. 229. See also Annotation in 64 A. L. R. 627.

In Weed v. Standley, 12 Fla. 166, An agreement in writing properly executed, and stipulating that the amount due for rent of land should be paid before the crops were removed, was held to be a "security for the payment of money," and under the provisions of the statute to operate as a mortgage. See also Section 5724, (3836) Comp. Gen. Laws of Florida, 1927; 1 Jones on Liens, (3rd Ed.) 514, Section 543.

Certainly in equity, as against the appellee, the description of the property referred to in the quoted paragraph of the lease was sufficiently definite for a mortgage lien to be created thereon. First Nat. Bank v. First Nat. Bank of Chipley, 90 Fla. 617, 106 So. R. 422; Davis v. Horne, 54 Fla. 563, 45 So. R. 476, 127 A. S. R. 151; Jones Chattel Mortgages, (5th Ed.) 120, 199, 201, 230; Deeley v. Dwight, 132 N. Y. 59, 43 N. Y. S. R. 409, 30 N. E. R. 258; Page & Bacon v. Gardner, 20 Mo. 507, 512; Stephens v. Pence, 56 Ia. 257, 9 N. W. R. 215.

We therefore hold that the fixtures and stock of merchandise of appellee contained in the leased store room was subject to a mortgage lien in favor of the holder of the lease to secure the payment of any rent to become due.

In answering the second question, we find that this Court has held:

> "A court of equity will prevent, by injunction, a mortgagor from impairing the value of or destroying the property embraced in the mortgage lien, on which the mortgagee has a right, by virtue of his mortgage, to rely for the security of his debt." Logan v. Slade, 28 Fla. 699, 10 So. R. 25. This was a chattel mortgage on a stock of merchandise. See also Pomeroy's Equity Jurisprudence (4th Ed.), Sec. 1742.

In Jones on Chattel Mortgages (5th Ed.) 664, Sec.450, it is said:

"The mortgagor, or any one claiming under him, will be enjoined from disposing of or carrying away any of the mortgaged property." See also Chapman v. Hunt, 13 N. J. Eq. 370; Clagett v. Salmon, 5 G. & J. (Md.) 314, 348; Rose v. Bevan, 10 Md. 466, 69 Am. Dec. 170; McCormick v. Hartley, 107 Ind. 248, 6 N. E. R. 357; Arnett v. Trimmer, 43 N. J. Eq. 488, 11 Atl. 487.

And it is further said in the section above cited from Jones on Chattel Mortgages, that this protection will be extended to after-acquired property.

It follows that the decree denying the injunction is reversed and the cause is remanded for further proceedings in accord with law.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below denying the injunction should be, and the same is hereby, reversed and the cause is remanded for further proceedings in accordance with law.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.