### In re INDUSTRIAL SAPPHIRE MFG. CO., Inc.

No. 10095.

United States Court of Appeals
Third Circuit.

Argued April 18, 1950.

Decided May 18, 1950.

Charles M. Solomon, Philadelphia, Pa., for appellant.

Bertram Bennett, Philadelphia, Pa., for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The trustee in bankruptcy of Industrial Sapphire Manufacturing Company, Inc., appeals from the disposition by the United States District Court for the Eastern District of Pennsylvania of his petition for an order directing Industrial Sapphire Corporation to turn over certain assets of the bankrupt.

The bankrupt was a New York corporation engaged in the manufacture and sale of phonograph needles and jewelry in Flushing, New York, until the latter part of February, 1948 when the lease on its plant expired. The company thereupon decided to move its operations to Quakertown, Pennsylvania, and this was accomplished at the end of that month. The operations of the company had resulted in losses and substantial sums of money had been advanced to it by Martha L. Haines, wife of its president, Joseph W. Haines. Following the removal of the company to Pennsylvania Mrs. Haines declined to advance any more funds to it. Haines thereupon caused the incorporation under the laws of Pennsylvania of Industrial Sapphire Corporation which on April 1, 1948 took over and continued the manufacturing operations of the old company.

The referee found, and we accept the finding as did the district court, that the production end of the business was all that was taken over by the new corporation and that it was the intention of Haines as president of the old company to proceed in its behalf to collect its accounts receivable and to pay off its obligations pro rata as far as possible. In carrying out this intention he used the bank account of the old company from April 1st to May 12th when the new corporation opened a bank account after which date he used the bank account of the latter for the deposit of receipts and the payment of obligations of both companies. Records were kept of all the transactions, however, with the intention that an account should ultimately be stated between the old company and the new corporation and that the balance shown thereby should be settled. Operations proceeded in this manner from April 1 to July 20, 1948 when, two judgment creditors of the old company having attached certain of its accounts receivable, the old company filed a voluntary petition in bankruptcy.

Thereafter the trustee in bankruptcy filed a petition seeking an order directing Industrial Sapphire Corporation to turn over the machinery, equipment, furniture and fixtures which it had taken over from the bankrupt company and to pay the value of the other assets alleged to have been taken over together with the reasonable value of the use and occupation thereof from April 1st to the time of their turn over. At about the same time Mrs. Haines filed a petition for leave to institute legal proceedings under a chattel mortgage of the machinery, equipment, furniture and fixtures which she held as assignee. The referee in bankruptcy to whom the proceeding was referred granted Mrs. Haines' petition for leave to enforce her chattel mortgage. His order was confirmed by the district court and the action of the district court has this day been affirmed by this court. 182 F.2d 589. Therefore, the action of the referee in refusing to direct the new corporation to turn over the mortgaged chattels need not be further discussed.

After full hearings the referee determined that the value of the other assets of the bankrupt company which were taken

over by the new corporation was $18,124.55 and that the rental due the trustee for the use by the new company for the fixed assets was $75.00 per month for 11 months totaling $825.00. By error the referee included the rental in his computation at $1,100.00 instead of $825.00, however, so that he fixed the total of the two items at $19,224.55. Against this sum he credited the new corporation with payments made for the account of the bankrupt company for taxes, wages, expenses and accounts payable of $17,889.74, leaving a balance due the trustee by the new corporation of $1,334.81. Upon review the district court corrected the referee's computation of the amount of rental due the trustee by the new corporation for the fixed assets by reducing it from $1,100.00 to $825.00, thereby reducing the net amount payable by the new corporation to the trustee to $1,059.81. In all other respects the order of the referee was confirmed. From the order of the district court directing the new corporation to pay this amount to the trustee the latter has brought the present appeal.

■ The trustee urges that it was error to permit the set-off against the amount due to him by the new corporation of the sums which the latter had paid for the account of the bankrupt company between April 1st and July 20th. We think that under the fact findings of the referee as to the circumstances under which these payments were made, which findings are supported by the evidence and were confirmed by the district court, the set-off was rightly allowed and that the trustee's objections thereto are without merit. We accordingly turn to the trustee's next contention which is that certain assets of the bankrupt company were taken over by the new corporation but were improperly excluded by the referee from the accounting. We will consider briefly each of the items in question.

■ The first is an item of prepaid insurance. The referee eliminated this from the accounting. We see no error in this action since the trustee claimed and was awarded rental for the machinery, equipment, furniture and fixtures covered by the insurance and was, therefore, under obligation to maintain the insurance upon it. The next is a portion of the moving expense incurred by the bankrupt company. The referee included $4,000.00 of this item in the accounting but disallowed $1,448.88. The trustee asserts that it all should have been included. However, the referee based his action upon testimony by the trustee's own accountant and we perceive no error therein. The next objection of the trustee is to the amount of rental for the machinery, equipment, furniture and fixtures which the district court allowed. As has already been indicated the referee allowed $75.00 per month for eleven months on this account and the district court correctly computed the amount to be $825.00. The appropriate amount of rental under the circumstances involves a purely factual question and we see no reason to disturb the determination of it by the referee and the district court.

■ Finally the trustee asserts that when the bankrupt company removed its plant to Quakertown it expended $2,950.14 for improvements to the leased premises there and since these improvements were of an enduring nature which would be enjoyed during the entire three years term of the lease it was proper to capitalize them and to depreciate them over the three years period. On April 1, 1948, $2,786.24 of this amount remained undepreciated and the trustee's contention is that since the new corporation by taking over the leased premises on that date secured the remaining benefit of these improvements it should account to him in that amount for them. The referee denied this claim and his action was confirmed by the district court. We think that in this respect the court erred and that its order must accordingly be modified. Certain it is that these were in the nature of capital expenditures which did improve the leased premises for the benefit of the new corporation as tenant and that this benefit will continue during the entire term of its lease. It is, therefore, just and equitable that the new corporation should pay the trustee of the bankrupt company which made the expenditure for the undepreciated portion of the benefit thus received. It appears, however, that in a

594

supplemental opinion the referee charged the new corporation with $1,149.99 of this amount representing an invoice for plumbing work rendered March 11th and paid April 19th by the new corporation. This he did by reducing the set-off claimed by the new corporation for payments made for the account of the bankrupt company from $19,039.73 to $17,889.74. Accordingly the sum of $2,786.24 representing the depreciated cost of all the leasehold improvements must be reduced by the same amount to $1,636.25 and in that sum added to the amount ordered to be paid by the new corporation to the trustee.

The trustee's final contention is that the refusal of the referee and the district court to find that the actions of Haines were a fraud on the creditors of the bankrupt company was erroneous. It is sufficient to say that we find this contention wholly lacking in merit. There is ample evidence to support the referee's findings in this connection. They were confirmed by the district court and we see no basis for disturbing them.

The order of the district court appealed from will be modified by increasing the liability of Industrial Sapphire Corporation to the trustee from $1,059.81 to $2,696.06 and as so modified it will be affirmed.