### Eugene Palmer v. Otto Young.

1. INJUNCTIONS—*Proper Remedy for Waste.*—For waste, the remedy by injunction is fully established and has not only virtually superseded the common law action of waste, but has to a great extent taken the place of the action on the case for damages.

2. SAME—*Where it Will Be Granted to Restrain Waste.*—In modern equity practice an injunction to restrain waste will be granted in many instances where no legal action could be maintained, although the interest of the injured party is legal, and also where the estate of the injured party is entirely equitable. An injunction may also be granted to restrain threatened waste although none has been committed.

3. WASTE—*Who Can Commit.*—Waste can only·be committed by one in the rightful possession of land.

4. SAME—*What Is.*—Anything is, waste which changes the character of the inheritance; hence even acts which increase the pecuniary value of an estate may amount to waste.

5. SAME—*Who Were Liable for, at Common Law.*—At common law the only parties liable for waste were the tenants of legal estates, *i. e.,* estates which were created by act of law as distinguished from those created by act of party. When a limited estate was created by deed, the particular tenant was not liable for waste, unless it was so expressly stipulated; because the law would not protect parties who did not care to protect themselves.

6. SAME—*Extent of Equity Jurisdiction.*—The interference of courts of equity by injunction to restrain waste was originally confined to cases founded in privity of title; but the relief obtainable has been extended to cases wherein the titles of the parties are purely of an equitable nature, and to restrain waste by persons having limited interests in property, on the mere ground of the common law rights of the parties and the difficulty of obtaining an immediate preservation of the property from destruction or irreparable injury by the course of the common law.

7. SAME—*Ultimate Remainderman May Obtain Bill for Injunction.*—At common law an action for waste would not lie by a remainderman against the tenant for life, if there were a *mesne* remainderman; but in equity the ultimate remainderman is allowed to maintain a bill for an injunction.

8. SAME—*May Be Restrained Although Title is in Litigation.*—Where irremediable mischief is being done or threatened going to the substance of an estate, an injunction will be issued, though the title to the premises be in litigation.

9. SAME—*Party in Possession Need Not Be Insolvent.*—It is not necessary to the issuing of an injunction restraining waste, that the party in possession should be shown to·be insolvent.

10. LANDLORD AND TENANT—*Erection of Building on Premises by Lessee.*—Certain premises were leased, the lessee agreeing to erect a building thereon. *Held,* that the removal by the lessee of staircases, elevators, etc., from such building, was waste.

11. SAME—*No Duty of Landlord to Put Lessee in Possession.*—Upon the expiration of a lease, should the lessee fail to remove from the premises or surrender possession of the same, it does not devolve upon the landlord to obtain and give possession of the premises to a succeeding tenant to whom he has leased.

Bill to Enjoin Waste.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed June 5, 1903.

January 1, 1882, appellant, Palmer, with one C. Marion Hotchkin, now deceased, leased from Walter P. Roche certain premises described in the bill of complaint for a term ending the last day of April, 1902. In accordance with provisions of the lease the lessees erected a building thereon, and maintained the same. May 1, 1900, appellee, Young, entered into a lease with Sarah Roche and Harriett Albee, successors in title to Walter P. Roche, of the said real estate, for a term of ninety-nine years, "commencing on the 1st day of May, 1902." There was no covenant in this latter lease that there should be a building on the land.

April 11, 1902, appellee filed his bill of complaint setting out the two leases, the erection of the building on the property, and alleging that Palmer claimed the right to remove from the building the elevators, the steam plant, the radiators, the plate glass, the marble staircase and marble wainscoting in said building and threatened to do so. The court was asked to enjoin Palmer from carrying out these alleged threats, on two grounds: first, that such removal would be a violation of appellant's lease with Roche; and, second, that such removal would, by depreciating the value of said building, greatly injure the rights of complainant.

The court below, on the face of the bill and the recommendation of a master in chancery, issued a preliminary writ of injunction without notice. Defendant Palmer shortly afterward appeared and filed a motion to dissolve the preliminary injunction, and a demurrer to the bill. Both were argued at the same time. The court below overruled the demurrer, dismissed the motion to dissolve the preliminary injunction, and, appellant electing to stand by his demurrer, entered a decree of perpetual injunction against him, granting relief in accordance with the prayer of the bill, and costs against the appellant.

From this decree appellant took an appeal to this court.

McCordic & Sheriff, attorneys for appellant; Charles Y. Freeman, of counsel.

Wilson, Moore & McIlvaine, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Appellant insists that the injunction was improperly granted and should be set aside because, first, the complainant in the bill was not in privity of title with the defendant, and because the complainant had no title to the land upon which it was alleged the defendant was threatening to commit waste; and because appellant has a complete and adequate remedy at law; and because no irreparable injury to the premises was or is threatened. Waste can only be committed by one in the rightful possession of land. That which is waste by such person, if done by a mere intruder or trespasser, would ordinarily be merely trespass. For waste, the remedy by injunction is fully established, and has not only virtually superseded the common law action of waste, but has to a great extent taken the place of the action on the case for damages.

In modern equity practice an injunction to restrain waste will be granted in many instances where no legal action could be maintained, although the interest of the injured party is legal, and also where the estate of the injured party is entirely equitable. An injunction may also be granted to restrain threatened waste although none has been committed. Pomeroy's Equity Jurisprudence, Secs. 237 and 1348.

Anything is waste which changes the character of the inheritance; hence, even acts which increase the pecuniary value of an estate may amount to waste; such waste is called meliorating waste. Bispham's Principles of Equity, 430–432.

The common law remedies for waste were insufficient; for, among other reasons, that they did not stop the injury that was going on; hence, courts of equity interposed by injunction to restrain the defendant from continuing to commit waste; and its remedy has been found so simple and so effective that it has to a great extent superseded the common law action. At common law the only parties liable for waste were the tenants of legal estates, *i. e.*, estates which were created by act of law as distinguished

from those created by act of party, and which were termed conventional estates.

At common law, when a limited estate was created by deed, the particular tenant was not liable for waste, unless it was so expressly stipulated; because the law would not protect parties who did not care to protect themselves. The liability for waste was afterward, by statutes of Marl-bridge, 52d Henry III, Chapter 23, and of Gloucester, 6th Edward I, Chapter 5, extended to conventional tenants for life and to tenants for years.

The injunction to restrain waste may be granted in other cases besides those of particular tenants and remainder-men. At common law an action for waste would not lie by a remainderman against the tenant for life, if there were a *mesne* remainderman; but in equity the ultimate remainderman was allowed to maintain a bill for an injunction. Bispham's Principles of Equity, Sec. 433; Story's Equity Jurisprudence, Sec. 913.

The interference of courts of equity by injunction to restrain waste was originally confined to cases founded in privity of title, but at present the courts have enlarged the jurisdiction so as to reach cases of adverse claims and rights not founded in privity—even to instances of cases of trespass attended with irreparable mischief. Story's Equity Jurisprudence, Sec. 918.

The relief obtainable at equity has been extended to cases wherein the titles of the parties are purely of an equitable nature and to restrain waste by persons having limited interests in property, on the mere ground of the common law rights of the parties and the difficulty of obtaining an immediate preservation of the property from destruction or irreparable injury by the course of the common law. Story's Equity Jurisprudence, Sec. 912.

There are many cases where a person is not punishable at law for committing waste, and yet a court of equity will enjoin him at the instance of a party who could not maintain an action at law against him for such waste; as, where there is a tenant for life, remainder for life, remainder in

Palmer v. Young.

fee, the tenant for life will be restrained, by injunction, from committing waste, although if he did so no action of waste would lie against him by the remainderman for life, for he has not the inheritance; nor would an action for waste lie by the remainderman in fee, by reason of the interposed remainder for life. High on Injunctions, Secs. 686, 687; Story's Equity, Sec. 913.

A ground landlord may have an injunction against an under lessee to stay waste. So a lessee may be enjoined from making material alterations in a dwelling house. Story's Equity Jurisprudence, Sec. 913.

It was anciently held that a court of equity would not restrain waste except upon unquestionable evidence of plaintiff's title. The more modern doctrine and the common practice is, in cases where irremediable mischief is being done or threatened, going to the substance of an estate, to issue an injunction though the title to the premises be in litigation. Beach on Modern Equity Jurisprudence, Section 730.

In this state it is not necessary to the issuing of an injunction restraining waste that the party in possession should be shown to be insolvent. Williams v. Chicago Exhibition Company, 188 Ill. 19.

The portions of the building which appellant is enjoined from restraining are clearly a part of the realty which, so far as appears, appellant could not lawfully remove. Bass v. Metropolitan W. S. El. R. R. Co., 82 Fed. Rep. 857.

Upon the expiration of a lease, should the lessee fail to remove from the premises or surrender possession of the same, it does not devolve upon his landlord to obtain and give possession of the premises to a succeeding tenant to whom he has leased. Gazzolo v. Chambers, 73 Ill. 75; Cobb v. Lavalle, 89 Ill. 331.

It does not appear that appellee has a plain and adequate remedy at law for the waste threatened by appellant. Among other reasons, why appellee has not such remedy is appellant's threat to do to the property of appellee that which he has no right to do, even if such

action would pecuniarily add to the value of appellee's estate in expectancy.

Without reference to these conditions, appellant's insistence that appellee has a plain and adequate remedy at law is not properly urged upon this appeal, because no such objection was made to complainant's bill in the court below.

The decree of the Circuit Court is affirmed.