**STEPHENSON v. NATIONAL BANK OF WINTER HAVEN.**

**No. 5798.**

Circuit Court of Appeals, Fifth Circuit.

March 25, 1930.

George P. Garrett, of Orlando, Fla., for appellant.

R. W. Withers, of Tampa, Fla. (McKay, Withers & Ramsey, of Tampa, Fla., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

Appellant brought an action for damages, alleging that he was appellee's tenant of a building, and that during his tenancy the building was undermined and rendered untenantable by excavations which appellee caused to be made on its adjoining property. The trial court held that the alleged relation of landlord and tenant did not exist at the time of making the excavations complained of, and directed a verdict for appellee.

Appellee became owner of the property in dispute on June 25, 1924, subject to a five-year lease, dated September 1, 1922, to C. J. Runkle, in which the lessee covenanted to pay as rent $100 on the 1st day of each month during the term thereof, and agreed "that if default shall be made in the rent as aforesaid, then he shall become tenant[s] at sufferance, hereby waiving all right of notice." Runkle attorned to appellee after it became owner of the property, and this was known to appellant. Runkle assigned his lease to appellant by assignment dated November 24, 1925, and immediately thereafter appellant began and proceeded to partition the building, which consisted of a single story, and theretofore had been used as a grocery store, into a number of small offices and to cut two large openings through the side wall. Appellant tendered the rent due December 1, 1925, on the 5th of that month, but appellee declined to accept it on the ground that it was not paid when due, and notified appellant by letter that, since he was in default, he had become a tenant by sufferance. On the 7th appellee applied for and later obtained an injunction restraining appellant from making any further alterations in the exterior walls of the building. On appeal the order of injunction was affirmed on the ground that appellant was committing waste, but he was held not to be a trespasser, because appellee had on several occasions accepted rent from Runkle after it was due. Stephenson v. National Bank of Winter Haven, 92 Fla. 347, 109 So. 424. Pending appeal the order of the trial court was superseded, and appellant completed his alterations of the building, and sublet offices in it. He tendered the rent due January 1, 1926, in time, but acceptance of it was also declined, and no rent was afterward paid or tendered. On March 22, 1926, appellee began to make the excavations com-plained of. It appears from canceled checks offered in evidence that appellee, during the year ending in November, 1925, had accepted six payments of rent from Runkle after the 1st of the month, but only on one occasion, in January, 1925, as late as the 5th of the month.

Appellant made a part of his bill of exceptions by reference merely the assignment of lease, checks, letters, deeds, and various other documents, which were either filed in evidence or for identification, but these documents were not printed in the record or ordered sent up in the original by the district judge. The only mention made of them in the transcript is that they were filed or offered in evidence as plaintiff's exhibits numbered 1, 2, etc., up to nineteen. Our rules provide that no case will be heard until a complete record "containing in itself, and not by reference," all necessary papers and exhibits shall be filed, and copies of this record are required to be printed. Such papers only as in the opinion of the district judge should be inspected by this court are authorized to be sent up in the original. Rules XIV (3) (4) and XXIII(4). The mere order of the district judge that an ordinary paper or document be sent up in the original does not dispense with the requirement that it be also copied in the record. A paper which it is impossible to reproduce accurately or without great inconvenience may by proper order be sent up in the original only.

Of course, the rules do not apply to exhibits other than printed or written documents. The only documents which under these rules could properly be sent up in the original in this case are the photographs. It follows that this record is made up in flagrant violation of our rules. If many records were made up as this one is, it would be practically impossible for us to give them proper consideration within a reasonable time. We hope that this will be taken as a fair warning that we expect our rules in regard to the printing of records to be complied with.

It is provided by section 5398, Compiled General Statutes of Florida, that if the lessee of real estate fail to pay rent at the time it is due, the lessor may enter immediately and take possession; and by section 5399 that a lessee at will or by sufferance may be removed after default in payment of rent upon three days' notice in writing requiring payment or possession of the leased premises. It does not appear to us that there is any inconsistency between these two sections; by one the lessor is given the power to terminate the lease, by the other his right to possession

depends upon whether the rent is paid within three days after demand. However that may be, neither section takes away the power of the lessor and lessee to fix their rights by contract. It was agreed in the present lease that upon default in the payment of rent on the 1st of each month, the lessee should become a tenant by sufferance and should waive all right of notice, not only to quit, but of demand to pay rent as well. His failure to pay rent when it was due by his own agreement made him a tenant by sufferance. We are unable to agree that appellee, by reason of his course of dealing with Runkle, waived his right to forfeiture as against appellant. It appears that Runkle made only one payment as late as the 5th of the month, and whether or not this, and indeed all the late payments, were made and accepted pursuant to previous agreement, is not shown or attempted to be shown. A lessor is not bound to treat all tenants alike. It may well be that appellee was willing to trust Runkle but was unwilling to trust appellant. As a general rule, "mere leniency on the part of the lessor in exacting the prompt payment of rent will not preclude him from forcing a forfeiture for the subsequent non-payment of rent." 16 R. C. L. 1132. But after all, appellee, by refusing to accept past-due rent from appellant, and by notifying him that he was a tenant by sufferance, in effect declared a forfeiture of the lease. Again, commission of waste by appellant before any rent was due from him worked a forfeiture. 16 R. C. L. 1115. The bringing of the injunction suit by appellee did not have the effect of waiving the forfeiture or of affirming the lease. The purpose of that suit was to prevent alterations of or damage to the building, and the right to maintain it did not depend upon the existence or nonexistence of the lease. The conclusion is that appellee in making the excavations complained of acted within its rights.

The judgment is affirmed.