KING LUMBER & MANUFACTURING CO., a corporation, *Appellant*, vs. STATE OF FLORIDA AND COUNTY OF HILLSBOROUGH, a political subdivision of the State of Florida, *Appellees.*

143 So. 616.

Division A.

Opinion filed September 17, 1932.

Petition for rehearing denied October 20, 1932.

*Treadwell & Treadwell,* for Appellant;

*Sutton, Tillman & Reeves,* for Appellees.

BUFORD, C.J.—A bill was filed in the Circuit Court of Hillsborough County in which the State of Florida and the County of Hillsborough a political subdivision of the said State, were made complainants and King Lumber & Manufacturing Company, a corporation, was defendant. The bill alleged that certain lands described in Exhibit "A" attached to and made a part of the bill of complaint were located in Hillsborough County, Florida, and were subject to taxation for State and County purposes and that the owner thereof was unknown on January 1st, 1928. The bill alleges the essential facts to show that for the year 1928 the lands were duly and regularly assessed as required by law for State and County purposes on the tax rolls of said County.

Like allegations are made as to taxation for the year 1929 for State and County purposes.

The bill alleges the facts necessary to show that the tax roll was duly delivered to the Tax Collector with the proper warrant authorizing the Collector to collect taxes for the year 1928; that the owners of the land refused to pay the taxes for 1928; that the taxes were not paid for 1928 and that after due notice, on the 5th day of August, 1929, the Tax Collector of Hillsborough County proceeded to sell the lands, including the standing timber thereon, because of the non-payment of the taxes and that the State of Florida became the purchaser of the lands, including the standing timber thereon, at such tax sale and that tax sale certificates as prescribed by law were issued by the Tax Collector in the name of the State of Florida; that such tax sale certificates have not been redeemed from, or sold by, the State and that they were at the time of filing of the bill of complaint held by the Clerk of the Circuit Court of Hillsborough County. A list of the tax sale certificates so issued for the non-payment of taxes for the year 1928 giving the descriptions of the lands, the number of the certificate, the amount of such tax sale certificates and the amount necessary to redeem from such tax sale is attached to the bill of complaint and made a part thereof.

Like allegations are included in the bill of complaint as to the assessment, collection, sale and issuance of certificates for the unpaid taxes of 1929, it being alleged that the sale occurred on the 5th day of August, 1930.

The allegations of the bill sufficiently set forth the necessary facts to show that tax certificates duly and lawfully issued for the non-payment of taxes on the lands described for the year 1928 and like tax sale certificates issued upon the sale of the lands for non-payment of

taxes for the year 1929 are owned and held by the State of Florida in the hands of the Clerk of the Circuit Court of Hillsborough County and that the same constitute liens prior in dignity to all others upon the lands described in Exhibit "A" made a part of the bill of complaint.

The bill of complaint contains the following allegations:

"That since January 1st, 1928, the King Lumber & Manufacturing Company, a corporation, has been and is now the owner and operator of a large saw mill located upon or adjoining the lands hereinbefore described, and since said time the said King Lumber & Manufacturing Company, a corporation, through its servants, agents and employees has been and is now cutting and removing the timber from the lands hereinbefore described, manufacturing said timber into lumber, boxes and other manufactured products and selling and removing the same; that the said company is cutting a large amount of timber each month, being the timber upon which the State of Florida and County of Hillsborough has a lien, superior to all other liens, for the taxes for the years of 1928 and 1929, lawfully levied upon and assessed against said lands and timber and that said taxes have not been paid; and that unless the said King Lumber & Manufacturing Company, a corporation, is restrained and enjoined from further depleting, diminishing and destroying the security upon which the State of Florida and County of Hillsborough has a lien for all unpaid taxes, the State of Florida and County of Hillsborough will suffer irreparable loss and damage.

That on January 1st, 1928, and since said date and at this time, the said lands upon and against which said taxes are assessed are chiefly valuable for the timber standing, being and growing thereon; that the said King Lumber & Manufacturing Company, a corporation, has been, is now and threatens to actually continue to cut and remove all of said timber from the lands above described and is committing other waste on the said lands to the great and irreparable injury thereof;

that the land denuded of the timber is of very little value; and that the timber was and is a part of the security of the State of Florida and County of Hillsborough for the payment and satisfaction of the lien for all unpaid taxes; that the land with the timber standing thereon is of sufficient value to pay all taxes, but should the land be denuded of all standing timber, it would be wholly insufficient to satisfy and pay the past due taxes."

The bill prays for injunction restraining defendants from further cutting and removing timber from the land and also prays for an accounting and that the defendant be required to account to the complainant for the value of the timber already cut and removed from the land since the 1st day of January, 1929, and for general relief.

There was a general demurrer to the bill of complaint.

The bill was then amended so as to more definitely show that the provisions of the law had been complied with by the taxing officials and, thereupon, the demurrer was overruled and a temporary injunction was issued restraining King Lumber & Manufacturing Company, its servants, agents and employees and all persons claiming by, through or under it, by deed, lease, assignment or otherwise, from cutting, manufacturing, removing, selling or shipping any timber or cross ties or box wood material from the lands described in the order, being the same lands described in Exhibit "A" made a part of the bill of complaint.

The only question before us is whether or not the complainants may maintain a bill for injunction to prevent waste on property upon which complainants held a valid lien to secure and enforce the payment of taxes and to prevent the impairing of the value of the property upon which the lien exists. A lien evidenced by a tax certificate is one which may be foreclosed by the holder of such tax certificate against the property described therein.

The lien created in favor of the holder of a tax certificate issued pursuant to a sale for the non-payment of State and County taxes is superior to all others except those of like character created by the issuance of other tax certificates.

The bill in this case is not to enjoin trespass but is to enjoin waste and, therefore, those cases which hold that injunction will not lie to stop a trespass are not applicable.

In Stephenson vs. The National Bank of Winter Haven, 92 Fla. 347, 109 Sou. 424, this Court, speaking through Mr. Justice Terrell, said:

"The terms waste and trespass are often confused. Trespass may be generally said to be the injury to or use of the property of another by one who has no authority or right whatever to do so, while waste is an abuse or destructive use of the property by one in rightful possession. Williamson v. Jones, 43 W. Va. 562, 27 S. E. Rep. 411, 38 L. R. A. 694; Hayman v. Rownd, 82 Neb. 598, 118 N. W. R. 328, 45 L. R. A. (N. S.) 623; Brigham v. Overstreet, 128 Ga. 447, 57 S. E. Rep. 484, 11 Ann. Cas. 75, 10 L. R. A. (N. S.) 452, 27 R. C. L. 1012."

In Vanderpool properties, Inc., et al. vs. Hess and Slager, Inc., 100 Fla. 933, 130 Sou. 457, in an opinion prepared for this Court by Mr. Commissioner Davis, it was said:

"A court of equity will prevent, by injunction, a mortgagor from impairing the value of or destroying the property embraced in the mortgage lien, on which the mortgagee has a right, by virtue of his mortgage, to rely for the security of his debt, Logan v. Slade, 28 Fla. 699, 10 So. R. 25. This was a chattel mortgage on a stock of merchandise. See also Pomeroy's Equity Jurisprudence (4th Ed.), Sec. 1742.

In Jones on Chattel Mortgages (5th Ed.) 664, Sec. 450, it is said:

'The mortgagor, or anyone claiming under him, will

be enjoined from disposing of or carrying away any of the mortgaged property.' See also Chapman v. Hunt, 13 N. J. Eq. 370; Claget v. Salmon, 5 G. & J. (Md.) 314, 348; Rose v. Bevan, 10 Md. 466, 69 Am. Dec. 170; McCormick v. Hartley, 107 Ind. 248, 6 N. E. R. 357; Arnett v. Trimmer, 43 N. J. Eq. 488, 11 Atl. 487.

And it is further said in the section above cited from Jones on Chattel Mortgages, that this protection will be extended to after-acquired property.''
Also see Pomeroy's Equity Jurisprudence, Sec. 1347.

A full and interesting discussion of the right of injunction to prevent waste is to be found in Bingham vs. Overstreet, 128 Ga. 447, 57 S. E. 484.

The State of Florida holds title to the tax sale certificates but in part the certificates are held in trust for the County and, therefore, the County may properly be joined with the State as party complainant to prevent waste of the security for its lien.

The order overruling the demurrer should be affirmed. It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur in the opinion and judgment.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BROWN, J. (Concurring).—If the complainants were the owners of the land and the timber thereon, they might not be able to maintain such a bill. See Carney v. Hadley, 32 Fla. 344, 14 So. 4; Doke v. Peek, 45 Fla. 244, 34 So. 896. But as the complainants are mere lien holders, they have no adequate remedy at law. I am inclined to the view that there is equity in the bill. See in advancing the citations above given, 40 Eq. 521, et seq., & Reynolds v. Lawrence, 147 Ala. 216, 44 So. 576, and Lancaster v. Fitzgerald (Neb.), 104 N. W. 875; Palmer v. Young, 108 Ill. App., 252.