L. KNABB *et al.* v. M. D. HILL.

149 So. 335.

Division A.

Opinion Filed July 6, 1933.

*Knight & Knight* and *Walter A. Dopson,* for Appellants
*Cone & Chapman,* for Appellee.

DAVIS, C. J.—The Circuit Court dissolved a temporary injunction and dismissed appellants' amended bill of complaint brought against appellee, as defendant below, to pre-

vent certain alleged waste being committed on complainants' real estate by the dismantling and removing therefrom thirteen shanty houses that had been erected on the lands for the purpose of housing laborers and their families. Appellants, who were complainants below, have appealed from the final decree dismissing the amended bill of complaint.

The decree dissolving the temporary injunction and dismissing the bill of complaint as amended, should be reversed on the authority of Stephenson v. First National Bank of Winter Haven, 92 Fla. 347, 109 Sou. Rep. 424, wherein this Court held that injunction is available as a remedy under the law of this State to stop waste, regardless of any express showing of irreparability of the damage, or the insolvency of a tenant or licensee charged with the commission of the alleged waste.

The amended bill of complaint in this case contains allegations of ultimate facts which, if true, are sufficient to show the commission by the defendant below, of what is in law deemed and held to be waste. The motion to dismiss the bill admits the well pleaded allegations of the bill to be true. If the bill contains equity, as we have seen that it did, the motion to dismiss should have been denied and the case retained for final disposition on the merits of any issue developed by an appropriate answer and pertinent evidence offered to show a sufficient basis for determining whether the houses about to be removed were, or were not, of such character that their removal would amount to a waste of the premises, or a mere trespass thereon.

The decree is reversed with directions to reinstate the bill and restore the temporary injunction and have such further proceedings as may be according to law.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.