HALIFAX DRAINAGE DISTRICT OF VOLUSIA COUNTY v. J. G. GLEATON, *et ux.*, PETE GLEATON, *et al.*

188 So. 374.
Opinion Filed April 25, 1939.

*W. J. Gardiner,* for Appellant;

*M. S. McGregor,* for Appellees.

BUFORD, J.—The appeal brings for review that part of an order made by the Chancellor as follows:

"That this Court denies the application of the plaintiff, Halifax Drainage District of Volusia County, Florida, for an injunction and restraining Order restraining and en-

joining the defendants J. G. Gleaton ad wife 'Mary' Glea-
ton joined by her husband, J. G. Gleaton, Pete Gleaton,
Doll Clement, K. C. Chapman, and C. B. McGill, from tak-
ing and removing marl, black dirt and wood from off their
own lands in the Halifax Drainage District upon and
against which lands it is alleged that there are due drain-
age taxes assessed and levied by the said Halifax Drainage
District of Volusia County, Florida."

The Order was made on hearing of Motion to dismiss
amended bill of complaint and apparently on consideration
of grounds 1, 10 and 11 thereof, which are as follows:

"1. The said bill is without equity."

"10. The said bill alleges no unlawful nor wrongful
act by any defendant.

"11. The said bill does not sufficiently set up any right,
title, lien nor claim of the said plaintiff to warrant any re-
lief."

The pertinent paragraphs or allegations of the amended
bill are:

"Your plaintiff, Halifax Drainage District of Volusia
County, Florida, represents unto this Honorable Court
that the said Halifax Drainage District of Volusia County,
Florida, was duly incorporated as a drainage corporation
by a degree of this Honorable Court on the 7th day of
October, A. D. 1916, which decree is recorded in the pub-
lic records of Volusia County, Florida, in Minute Book 9,
at page 81, reference to which is hereby prayed. Your
plaintiff further represents that the boundary lines of the
said Halifax Drainage District of Volusia County, Flor-
ida, were by order of this Honorable Court, extended to
include certain wet or overflow lands subject to overflow,

adjoining, adjacent and contiguous to the said Halifax Drainage District of Volusia County, Florida, as will more fully appear by an order of this Honorabale Court, dated the 21st day of August, A. D. 1919, and recorded in Chancery Order Book 11, at page 54, reference to which is hereby prayed. Your Plaintiff further represents that this Honorable Court did, on the 9th day of February, A. D. 1921, by an order, give and grant authority to the Board of Supervisors of the said Halifax Drainage District of Volusia County, Florida, to change, amend and/or amplify the Amended Plan of Reclamation of the Halifax Drainage District of Volusia County, Florida, and did extend the boundary lines of the said Halifax Drainage District of Volusia County, Florida, to include certain wet or overflow lands subject to overflow, which order is filed of record in the Public Records of said County in Chancery Order Book 11, at page 493, reference to which is hereby prayed. Your plaintiff further represents that the Board of Supervisors did, subsequent to the making of the said last above mentioned order, adopt a second Amended Plan of Reclamation as provided by law. That three commissioners were appointed, according to law, to appraise the property to be taken for rights-of-way, to assess benefits and damages and to perform other duties as required by Section 13, Chapter 6458 of the 1914 Laws of the State of Florida. That subsequently the said commissioners made their report and such report was duly approved by order of this Court. That particular reference is made to each and every report or pleading filed in this Court in the matter of the creation and organization of the said Halifax Drainage District of Volusia County, Florida, and reference thereto is hereby prayed for the purpose of showing the organization of the said District.

## "THIRD

"That under and by virtue of the said Chapter 6458 of the 1913 Laws of the State of Florida, the Commissioners appointed by this Honorable Court found and determined the benefits to be derived by reason of the execution of the amended plan of reclamation theretofore adopted by the Board of Supervisors of the Halifax Drainage District of Volusia County, Florida, against each and every piece, parcel and tract of land within the boundaries of the said Halifax Drainage District and such benefits so found were reduced to writing in a report filed with the Clerk of the Circuit Court in and for Volusia County, Florida, on the 18th day of February A. D. 1921, reference to which is hereby prayed.

"That the Board of Supervisors of the said Halifax Drainage District of Volusia County, Florida, did subsequent to the filing of the said Commissioners report. levy and assess as provided by said Chapter 6458 of the 1913 Laws of the State of Florida, a tax of such portion of the benefits so assessed as aforesaid against all lands in the said Halifax Drainage District to which benefits had been assessed by said Commissioners as aforesaid, as was found necessary by the Board of Supervisors of the said Halifax Drainage District of Volusia County, Florida, to pay the cost of completion of the proposed works and improvements, as shown by said amended plan of reclamation, and in carrying out the objects of said District, and in addition thereto ten per cent of the said total amount for emergencies.

"Your plaintiff further represents unto this Honorable Court that the Board of Supervisors of the Halifax Drainage District of Volusia County, Florida, did, at a regular meeting, held on the 16th day of May, A. D. 1921, levy said

tax and assessment under and by virtue of said Chapter 6458 of the 1913 Laws of the State of Florida, upon all of the lands in the Halifax Drainage District of Volusia County, Florida, and that the total tax so levied was $365,268.14. That a duly certified copy of resolution making such levy is hereto attached and marked Exhibit 'A' and made a part hereof, reference to which is hereby prayed.

"That W. H. Edmondson as the then Secretary of the Board of Supervisors of the said Halifax Drainage District of Volusia County, Florida, and the said Halifax Drainage District of Volusia County, Florida, did as provided by the said Chapter 6458 and the 1913 Laws of the State of Florida, prepare a list of all taxes so levied and assessed in the form of a well bound book. That said drainage tax record of the Halifax Drainage District of Volusia County, Florida, was filed with the Clerk of the Circuit Court in and for Volusia County, Florida, on the first day of November, A. D. 1921, as provided by said Chapter 6458 of the 1913 Laws of the State of Florida, and since then has been, as provided by said Chapter, a permanent record in the office of the Secretary of the said Halifax Drainage District of Volusia County, Florida.

"That said permanent tax record of the Halifax Drainage District of Volusia County, Florida, so prepared and filed as aforesaid, shows and recites each piece, parcel and tract of land in the said Halifax Drainage District of Volusia County, Florida, and the total tax so levied there against, under and by virtue of the said resolution, a true copy of which is filed herewith and made a part hereof as Plaintiff's Exhibit A, and which said total tax so levied against each piece and parcel of land in the said Halifax Drainage District of Volusia County, Florida, is based upon the said benefits so found and determined against each piece, parcel

and tract of land in the said Halifax Drainage District of Volusia County, Florida.

"That the said total tax so levied against each piece, parcel and tract of land as shown by said permanent drainage tax record book of the Halifax Drainage District of Volusia County, Florida, is the evidence and record of the total Halifax Drainage District of Volusia County, Florida, taxes so levied against each piece, parcel and tract of land in the said Halifax Drainage District.

"That all drainage taxes levied under and by virtue of said Chapter 6458 of the 1913 Laws of the State of Florida, and amendments thereof, together with all penalties for default in the payment of same, all costs in collecting the same, including a reasonable attorney's fee fixed by the Court and taxed as costs, in any action brought to enforce payment of such drainage tax shall from date of assessment thereof, constitute a lien of equal dignity with the lien for State and County taxes. That said Chapter 6458 of the 1913 Laws of the State of Florida, and amendments thereof, provide that said drainage tax shall be payable in annual installments, the amount of each installment, as well as the amount of the maintenance tax, to be determined and certified to the Tax Collector as provided by law, not later than the first day of November of each year and that said drainage tax and maintenance tax so levied from time to time are, under the said law, declared to be a lien upon all land in such drainage district.

"That subsequent to the levying of said total tax as aforesaid the Board of Supervisors of the Halifax Drainage District of Volusia County, Florida, under and by virtue of the laws of the State of Florida and in pursuance of the said total tax, has each year from the year A. D. 1922 to and including the year A. D. 1937, levied an annual installment

tax, based upon said total tax levy, upon each piece, parcel and tract of land in the said Halifax Drainage District.

"That the said annual installment taxes so levied by the said Board of Supervisors are evidenced and recorded by a permanent tax record book and duly certified and delivered to the Tax Collector of Volusia County, Florida, for the years 1922 to 1937, inclusive. That such tax record book for each of the said years evidences and records the proportionate part of the said total tax levy as levied and assessed for each said years by the Board of Supervisors of the said Halifax Drainage District of Volusia County, Florida, and the amount of such Halifax Drainage District tax so levied by the Board of Supervisors of the said Halifax Drainage District of Volusia County, Florida, for each year together with the maintenance tax so assessed and levied as provided by law, is recorded and set forth in such tax record book so certified and delivered annually as aforesaid to the Tax Collector of Volusia County, Florida.

"That the Tax Collector of Volusia County, Florida, has each year returned such drainage tax book to the Secretary of the Board of Supervisors of the Halifax Drainage District as and in the manner provided by law, and the Secretary of the said Halifax Drainage District of Volusia County, Florida, has, as provided by law, prepared a drainage back tax book containing a list of lands returned by the County Tax Collector as delinquent for each of said years against which the said Halifax Drainage District of Volusia County, Florida, taxes have been levied and assessed as aforesaid.

"That the Tax Collector of Volusia County, Florida, has for the said years 1922 to 1935, inclusive, made and certified a list of all delinquent tax bills for each of the said years and which said delinquent tax bills is and constitutes a list

and schedule of all delinquent taxes for each year the said taxes have been assessed and levied as aforesaid.

"That the said delinquent tax bills so made and certified by the Tax Collector of Volusia County have been and are now attached to the suits instituted by the said Halifax Drainage District under the laws of the State of Florida, to enforce the payment of the delinquent Halifax Drainage District taxes for the years 1922 to 1934 inclusive, and that the said 1935 delinquent tax bill has been made and certified by the Tax Collector of Volusia County, Florida, and will, within a very short time, as provided by law, constitute the basis for the enforcement of the 1935 delinquent annual installment Halifax Drainage District taxes.

"FOURTH

"That under and by virtue of the said Chapter 6458 of the 1913 Laws of the State of Florida, and amendments thereof the Board of Supervisors of the Halifax Drainage District of Volusia County, Florida, are authorized and annually levy and assess a maintenance tax against all lands in the Halifax Drainage District of Volusia County, Florida, for the purposes authorized and provided by said drainage laws. That said drainage tax has been levied annually for the years 1926 to 1937 inclusive and that such maintenance tax so levied is evidenced and recorded, as provided by law, in the drainage tax book prepared and certified annually as evidence and record of the annual installment tax so levied as aforesaid.

"FIFTH

"That the Halifax Drainage District of Volusia County, Florida, has heretofore instituted suit to foreclose all delinquent Halifax Drainage District of Volusia County, Florida, taxes assessed for the year 1934 and prior years.

"That the delinquent tax bills for the unpaid 1935 Halifax Drainage District annual assessment and levy are now being prepared and foreclosure suit will be instituted within a few days to foreclose such 1935 delinquent Halifax Drainage District taxes.

"That the 1936 and 1937 Halifax Drainage District of Volusia County, Florida, taxes are now all past due and if such have not been paid, are now due and payable to C. S. Paul as Tax Collector of Volusia County, Florida.

## "Sixth

"That seventy-three and one half per cent of·all the said total·Halifax Drainage District of Volusia County, Florida, taxes so levied as hereinbefore alleged and evidenced and recorded by the said permanent tax record filed in the Clerk's office on the first day of November, A. D. 1921, has been heretofore levied in annual installment levies for the years 1922 to 1937 inclusive.

"That twenty-six and one-half per cent of the said total tax as evidenced and recorded in the said permanent tax record book, has not been levied in the annual installments but will be levied for the year 1938 and subsequent years, as provided by law, and the said original tax levying resolution adopted by the Board of Supervisors of the Halifax Drainage District of Volusia County, Florida, on the 16th day of May A. D. 1921. That the said twenty-six and one-half per cent the said total tax that has not been levied and assessed as aforesaid in annual installments and certified to the Tax Collector of Volusia County for collection thereof at the same time the County and State taxes are collected, is and constitutes a lien against all lands in the said Halifax Drainage District of Volusia County, Florida, for said part or portion of the said total tax not heretofore levied, to-wit: Twenty-six and one-half per cent thereof, and that such un-

levied part or portion of said total tax is evidenced and shown by the said drainage tax record filed in the office of the Clerk of the Circuit Court of Volusia County, Florida, on the first day of November, A. D. 1921.

"Seventh

"That all Halifax Drainage District taxes heretofore levied in annual installments as hereinbefore alleged and representing and constituting seventy-three and one-half per cent of the said total tax originally levied against all of the lands in the said Halifax Drainage District of Volusia County, Florida, that have not heretofore been paid, are and constitute a lien of equal dignity with County and State taxes upon all of the lands in the said Halifax Drainage District of Volusia County, Florida, against which such drainage tax or any annual installment thereof has not been paid.

"That such annual installment drainage taxes of the said Halifax Drainage District of Volusia County, Florida, that are delinquent and unpaid are represented and evidenced by (1) The annual installment tax book of the said Halifax Drainage District prepared and delivered to the Tax Collector of Volusia County, Florida, each year from the year 1922 to 1937 inclusive. (2) The back tax book of the Halifax Drainage District prepared, certified and delivered to the Tax Collector of Volusia County, Florida, for the years 1922 to 1936 inclusive, (3) The said tax bills prepared and certified by the Tax Collector of Volusia County, Florida, for the years 1922 to 1935 inclusive and which tax bills are a record of the unpaid Halifax Drainage District of Volusia County, Florida, taxes annually levied and assessed as herein alleged, the enforcement of which annual installment tax lien is by an action on said delinquent tax bills in the Circuit Court without regard to the amount of such lien, (4) The unlevied part or portion of the said original

total tax, to-wit: Twenty-six and one-half per cent thereof as evidenced and shown by the said original tax record book filed in the office of the Clerk of the Circuit Court on the first day of November, A. D. 1921.

## "Eighth

"That the said Halifax Drainage District of Volusia County, Florida, taxes are delinquent and unpaid upon the hereinafter described property and for the years indicated, as also the amount of such delinquency, as follows, to-wit:

| Description | Years Delinquent | Amount Delinquent |
|---|---|---|
| Lot 112, Blake | 1922, 126 to 1937 inclusive | $490.67 |
| Lot 113, Blake | 1927 to 1937 inclusive | 406.28 |
| Lot 112, 162, Blake | 1923, 1925 to 1937 inclusive | 532.76 |
| Lot 163, Blake | 1926 to 1937 inclusive | 448.44 |
| Lot 132, Blake | 1927 to 1937 inclusive | 406.28 |
| Lot 135 Blake | 1934 to 1937 inclusive | 111.16 |
| Lot 4 Blk 16, Dunlawton | 1928 to 1937 inclusive | 376.30 |

"That there is due and payable in addition to the said pieces, parcels and tracts of land hereinbefore described in this paragraph, interest upon such drainage taxes at the rate of eight per cent per annum from the date of its delinquency together with a reasonable attorney's fee due by reason of the institution of foreclosure suit to foreclose the said delinquent drainage taxes.

"That in addition to the said delinquent taxes due and payable against each of the said pieces, parcels and tracts of land heretofore described in this paragraph, there is due as the said unlevied part or portion of the said original total tax, to-wit: Twenty-six and one-half per cent thereof, and that said unlevied part or portion of said unlevied tax is and

constitutes a lien upon and against each and every the said pieces, parcels and tracts of land heretofore described in this paragraph, and that each and every such piece, parcel and tract of land in the said Halifax Drainage District is severally liable for the payment of the balance of the said total drainage tax so levied as hereinbefore alleged against each such piece, parcel and tract of land in the said Halifax Drainage District, and which tax is evidenced and shown by the said permanent tax record book filed in the office of the Clerk of the Circuit Court on the first day of November A. D. 1921. That said unlevied part or portion of the said total drainage tax, to-wit: Twenty-six and one-half per cent constitutes and is a special assessment and lien against all of the said lands hereinbefore described in this paragraph, as also all lands in the said Halifax Drainage District of Volusia County, Florida.

## "Ninth

"That the said Halifax Drainage District of Volusia County, Florida, taxes are special assessment taxes levied against each and every piece and parcel of land in the said Halifax Drainage District of Volusia County, Florida, and that said taxes so levied are not like or similar to ad valorem taxes allowing and permitting further and additional taxes to be levied in event of the failure of landowners to pay their taxes.

"That under and by virtue of the drainage laws of the State of Florida under which the said Halifax Drainage District was organized and the said total installment taxes levied, as also each subsequent annual installment tax, each piece and parcel of land in the said Halifax Drainage District of Volusia County, Florida, is assessed its proportionate share and part of the total original tax so levied as aforesaid and one piece, parcel and tract of land cannot

under such laws be taxed for unpaid and delinquent taxes upon any other piece or parcel of land in the said Halifax Drainage District.

"That the power of the said Halifax Drainage District to levy and collect taxes on the lands in the said Halifax Drainage District is restricted to the amount of benefits shown by the plan of reclamation.

## "TENTH

"That the said defendant, K. C. Chapman, recently acquired title to the said lot 132 Blake by a tax deed but has not paid the said delinquent taxes, the current Halifax Drainage District taxes or the said future unlevied Halifax Drainage District taxes upon and against the said lot 132 Blake.

"That the said K. C. Chapman and his agents and servants have dug and removed large quantities of marl from off said lot 132 Blake, and that many large and great holes have been dug in the said lot 132 Blake by reason of the removing of the said marl and that the digging and removing of the said marl with the resulting many large holes has ruined the said lot 132 Blake for agricultural purposes and the value thereof has been impaired and practically destroyed. That said lot 132 Blake is only valuable for agricultural or residential purposes and that its value and worth for residential and agricultural purposes has been practically destroyed by the taking and removing of mard by the said K. C. Chapman, his agents and servants."

Like allegations are made as to other named defendants.

So the allegations of the amended bill of complaint are sufficient to show that the complainant holds a lien created by statute on lands owned by the defendants for the full amount of the tax assessed as to each parcel thereof; that

under the statutes identified in the bill, *supra,* installments to discharge the lien have been levied from year to year and that the remainder will be levied from year to year until the full assessment has been levied. It is shown the lien is existing and that the only security for the discharge of the tax assessment for determined benefits to the lands against which the total assessment for benefits has been established is the lien.

The allegations are sufficient to show that the defendants are engaging in removing and destroying valuable portions of the lands covered by the undischarged and now existing lien and are thereby impairing the value of plaintiff's security .

The allegations are sufficient to show that the defendants by waste are impairing the security of the existing lien.

That equity will intervene at the suit of a lien holder to enjoin waste by an owner cannot be seriously questioned. See King Lumber & Mfg. Co. v. State, 106 Fla. 680, 143 Sou. 616; Harbeson Lumber Co. v. Geneva Mill Co., 116 Fla. 342, 156 Sou. 710; Smith v. Pattishall, 129 Fla. 498, 176 Sou. 568; Pasco v. Gamble, 15 Fla. 526.

There is a difference between trespass and waste. This was pointed out in Stephenson v. National Bank of Winter Haven, 92 Fla. 347, 109 Sou. 424, where we said:

"Trespass may be generally said to be the injury to, or use of, the property of another by one who has no authority or right whatever to do so, while waste is an abuse or destructive use of property by the one in rightful possession."

In 27 R. C. L. 1018, Sec. 8, it is said:

"The fact that a life tenant erected several wooden houses on the land, and for that purpose caused some portion of the soil to be thrown out from under the sites of those houses, in order to form cellars under them, and to raise the land around them, does not constitute waste where it

does not appear that it is prejudicial to the remainder man. But dredging and carrying away sand and gravel from the shore of land, to say nothing of removing the fast land and trees above high water mark, by a life tenant of a farm, unquestionably injures the inheritances and constitutes waste. And the cutting down of trees along a river bank, fronting one's premises, by which his property is protected from the encroachments of the water, for the purpose of constructing a raceway along the bank to create waterpower for the use of a corporation; without the owner's consent, or any lawful authority, is waste, destructive of the inheritance, and will be enjoined."

The above cited authorities and cases there cited amply support the contentions of the appellant. That part of the order which is involved in this appeal is accordingly reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.