RAWLS, Judge.
Appellants John Blow and Elizabeth H. Blow, defendants below, owners of a certain parcel of property located in Duval County, appeal a final decree rendered in favor of their lessee, Colonial Oil Company, who filed this declaratory judgment action.
The primary issue posed by appellants is: May a tenant substantially alter a leased structure on premises without the consent of the landlord?
In the year 1958, Colonial Oil Company leased from the Blows an unimproved parcel of property fronting University Boulevard for a period of ten years with an option to renew for an additional ten years. The Blows borrowed $15,000.00 which Colonial used to construct a service station. The parcel of land involved had the same low elevation as the surrounding lands owned by the Blows, so in making the improvements a retaining wall nine to fifteen inches high was constructed across the rear and fill was added to the parcel.
Eminent domain entered the scene in 1966, when the State Road Department appropriated several feet of the street frontage and lowered the grade some ten to eleven inches. In 1967, the Jacksonville Expressway Authority appropriated additional frontage and lowered the curb grade an additional eighteen inches. The location became an extremely strategic Expressway site, and Colonial estimated that if it could lower the service station lot grade (except the portion upon which the building was situated), it would materially increase the gallonage of gasoline sold from the site; and that without a material change in grade, it was unusable as a service station site. Hence, this declaratory judgment action by Colonial seeking to determine if under the lease it could, at its own expense, shore-up the building, regrade the driveway and pump island area to a level two feet below the present grade, which is the same elevation as surrounding property, and repave the driveways, with the provision that at the end of the leasehold term it would return the property to its present grade and condition. The trial judge found that Colonial could change the grade provided it agreed to restore the property to its present grade and condition upon expiration of the lease, and required Colonial to post a performance bond in the sum of $2,500.00 to assure compliance.
*169 Leases should be construed to give effect to the intention of the parties. As stated above, in 1958 Colonial leased the instant property for the purpose of operating a service station. A portion of the property was too low for this purpose, so this portion was filled to raise the height nine to fifteen inches. The landlord apparently had no qualms in raising that part of the grade in order that the site would be desirable for lessee’s purposes. The two eminent domain proceedings created a situation not contemplated by the parties and resulted in the leased premises being, to a degree, unsatisfactory for the business purposes of lessee. It is noted that during the latter eminent domain proceeding Colonial continued to pay rent, exercised its additional ten-year option to renew, although it was precluded from utilizing the subject premises because the Blows refused to permit regrading of the driveways until the suit was concluded. Now, Colonial needs to lower the grade two feet in order to utilize the premises for the purpose intended at the outset of the lease, and has agreed to restore it to the same condition upon giving up its leasehold estate. The Blows insist that such material alteration of the property constitutes waste as delineated in Stephenson v. National Bank of Winter Haven, 92 Fla. 374, 109 So. 424 (1926). Here, the action of the sovereign injected the necessity for a change of grade of the leasehold premises, and such was not a foreseeable event at the time the lease was initially executed. Since Mr. Blow was agreeable at the outset for a change in grade as to a portion of the subject property in order to render same suitable for utilization as a service station site and testified during these proceedings that he had no objection to lowering the grade if at the end of the lease period it was restored to its present elevation, we conclude that the trial judge properly preserved the integrity of the lease.
Appellants insist that the amount of the bond set by the trial judge has no basis in this record. We agree. Upon remand, the trial judge is directed to take testimony as to the estimated cost of restoring the property to its present condition upon the termination of the leasehold estate, and to set the amount of the performance bond in accordance therewith; otherwise, the decree is affirmed.
Affirmed in part; reversed in part.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.