## HOWE & ROGERS CO. v. LYNN.

### No. 479.

Circuit Court of Appeals, Second Circuit.

June 11, 1934.

Macomber & Skivington, of Rochester, N. Y. (George J. Skivington, of Rochester, N. Y., of counsel), for appellant.

Walter A. Swan, of Rochester, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The claimant is a preferred beneficiary of a mortgage upon two apartment houses in Rochester, N. Y. These had belonged to the bankrupt, which had acquired title to them in pursuance of a contract between the creditors of itself and of several other persons or corporations and the former owners of the property. By the terms of the agreement, the bankrupt was to give notes to the creditors, no matter who was the debtor, and they were to release their existing claims; the claimant was to advance $45,000 of new money to pay taxes and the interest on outstanding mortgages; and the bankrupt was to mortgage the property to the claimant's representative as security for all the new notes and the claimant's fresh advance; this last, together with an older debt owed to the claimant, to have precedence in any distribution of the proceeds. The property, including the furniture in the apartments, was conveyed to the bankrupt, which executed a mortgage, that incorporated the original agreement by reference. After various recitals, the mortgage conveyed the property in the following terms: "All and singular the following real estate, goods, chattels, rights, privileges, franchises and other property." Next came a description by metes and bounds of thirteen parcels of land, after which there followed this clause: "It is understood and agreed that there is conveyed and transferred with all of the foregoing described real property any and all buildings, improvements and appurtenances now standing or at any time hereafter constructed or placed upon said parcels of land, or any part thereof, including all partitions, screens, awnings, window shades,

dynamos, motors, engines, boilers, furnaces, vacuum cleaning system, fire prevention and extinguishing apparatus, refrigerating, heating, plumbing, ventilating, gas and electric light fixtures and elevators, and all curtain fixtures, ice boxes and ranges, if owned by the mortgagor, and all machinery, appliances, plants, apparatus and fittings and fixtures of every kind in any building now or hereafter standing on said premises or any part thereof." The mortgage was foreclosed, and the furniture was sold; the question is whether the claimant, as preferred beneficiary under the mortgage, may take the proceeds of the furniture. The judge thought that, considering the incorporation of the agreement and the general purposes of the parties, the grant ought to be treated as including furniture, even though it was not expressly mentioned. Hence he ordered the proceeds to be paid over to the claimant. The trustee appealed.

While of course it is true that the intent of the parties is controlling in construing the language of a contract or deed, this canon is often misleadingly used. The private intents of the parties, even though they may be shown to be identical, are not the measure of their rights or duties; rather that meaning which the law will impute to the words they have used, which is, generally speaking, that which a reasonable person would suppose them to carry. Restatement of Contracts, § 233. In this mortgage the claimant must point to some words conveying the personal property, regardless of what the parties may have intended but did not express. McKeage v. Hanover Fire Ins. Co., 81 N. Y. 38, 37 Am. Rep. 471. There are no words which can be twisted to cover the furniture, unless it be "fittings," which at least in this context, is clearly not enough. Simmons v. Simmons, 6 Hare, 351; Pratt v. Paine, 119 Mass. 439.

The incorporated agreement does not help the claimant. It does indeed speak in its recitals of "all of the assets," and of "the various assets," of the proposed grantors, corporate and individual, and of the desirability that these should all be "marshalled"; but the only promise of the grantors was to convey "all their equities in the properties mentioned and described in the said schedules hereto attached," and the schedules as well as the recitals referred to nothing but real estate. The bankrupt in turn promised to mortgage "all of the equities then owned" by it; that is, after the conveyance. The parties may have assumed in all this that the furniture was included, and indeed, when the grantors, or at least one of them, came to convey, it mentioned furniture; but the documents did not express any such intent, the words clearly do not cover furniture, and we are not asked to reform them. The claimant therefore gains nothing from the reference to the agreement, and we have not to decide the somewhat vexed question what would be the result if the agreement had expressly contemplated more than the mortgage carried out. If one is wrong, both are wrong, but neither can be corrected here.

Order reversed; petition dismissed.