## HOWE & ROGERS CO. v. CRITTENDEN et al.

### No. 329.

Circuit Court of Appeals, Second Circuit.

April 1, 1935.

Walter A. Swan, of Rochester, N. Y., for appellant.

Skivington & Skivington, Whitbeck & Dye, and Raines & Raines, all of Rochester, N. Y., for appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

In October, 1928, Edward A. Keenan, John E. Keenan, and Morgan C. Housel were members of a partnership, known as Keenan & Keenan, at Rochester, N. Y. As

partners they owned a controlling number of the shares of stock in two New York corporations, G. K. L. Apartment House Company, Inc., and Keenan Bros. Realty Company, Inc. Each of these corporations owned an apartment house in Rochester and the former owned three other pieces of real estate. All of these parties were in financial difficulties. To pay taxes, interest, and principal due on mortgages it was necessary to obtain $45,000 in cash. They called a meeting of their creditors and entered into an agreement to which they and all of the present defendants were parties which provided that to the G. K. L. Apartment House Company, Inc., should be transferred the title to the property of the other debtors; that it should give creditors its notes for the debts due from all; that John Connors, an officer of the plaintiff which was one of the large creditors, should advance $45,000 to G. K. L. Apartment House Company, Inc., to be used to meet the pressing obligations before mentioned; that Connors should be given a note for that sum with interest secured by 400 shares of the capital stock of Seneca Stations, Inc., and by a mortgage to him as trustee to secure, first, the payment of the $45,000 note; second, the note given the plaintiff for its antecedent claim; and then the payment of the notes given the other creditors. By the terms of this agreement Connors became the manager of all the property of G. K. L. Apartment House Company, Inc., as trustee for all the creditors to "collect all rents and other moneys due to the said corporation, and continue to exercise such control and management until the first day of November, 1929."

Under this agreement Connors was given a mortgage as trustee and took over the management of the property. Notwithstanding this, the Albany Savings Bank which held a first mortgage on the Normandie Apartments and one on the Arlington Apartments, the two most valuable pieces of real estate covered by the agreement, began foreclosure actions in the state court which resulted in judgments of foreclosure and the sale of both properties under the judgments. The bank bought them both at the sale at prices which left the second mortgage to Connors without any value whatever. After that the G. K. L. Apartment House Company, Inc., was adjudicated a bankrupt in the District Court for the Western District of New York and its assets taken over for administration by its trustee in bankruptcy.

Mr. Connors claimed the furniture in these apartment houses under the before-mentioned agreement and mortgage to him. By an order made in the bankruptcy proceedings, the trustee in bankruptcy was authorized to, and did, sell this furniture to the Albany Savings Bank for $23,000 and held the proceeds subject to an order of the court "pending its determination as to the validity, amount and extent of said claimed lien" of Connors.

A petition was then filed by this plaintiff in the bankruptcy proceedings to have the lien claimed by Connors upon these proceeds established for its benefit. The trustee in bankruptcy joined issue on the petition and appealed from an order in favor of the present plaintiff entered by the District Court. We reversed the order and dismissed the petition, holding that neither the agreement nor the mortgage relied on created a lien upon the furniture. See, Howe & Rogers Co. v. Lynn (C. C. A.) 71 F.(2d) 283.

After the former petition had been dismissed, the plaintiff brought this action against creditors of the bankrupt who were parties to the contract and against the trustee in bankruptcy to enforce the agreement those creditors had made that the payment of their claims should be subordinated to the payment of the advance of $45,000 and the prior claim of the plaintiff. It was alleged that there was a balance of $10,700 and interest due on such advance and that the Union Trust Company of Rochester, N. Y., owned that obligation; that a balance of $30,003.28 was due the plaintiff upon its original claim; and that the only assets in the bankrupt estate were the proceeds from the sale of the furniture. The prayer for relief was as follows: "Wherefore plaintiff prays the decree and judgment of this Court that the defendants and each of them are bound by the agreement of October 10, 1928, as to the personal assets of the G. K. L. Apartment House Co. Inc., sold by the defendant Trustee in Bankruptcy and that all dividends declared upon the claims filed by said respective defendants are subject to the rights of the plaintiff under the agreement of Oct. 10, 1928, and are the property so far as said dividends shall be required to pay the respective obligations first, of the Union Trust Company up to the sum of $10,700.00 and accumulated interest, and second, of the plaintiff, Howe & Rogers Company, up to the sum of $30,003.28 and that the defendant John D. Lynn Trustee in

Bankruptcy of the G. K. L. Apartment House Co. Inc., pay such dividends as may be declared upon the claims filed by the respective defendants so far as said dividends shall be required therefor, to said Union Trust Company and to the plaintiff in the order and amounts hereinbefore prayed for, and that the plaintiff may have such other, further and different relief as may be just and equitable."

All of the parties to this action are residents of the Western District of New York. Since there is no diversity of citizenship, it is obvious that the District Court as a court of equity has no jurisdiction apart from that which it has as a court of bankruptcy. The defendants, setting up in their answer lack of jurisdiction and relying upon the order on the former petition as being res adjudicata, were sustained on the latter ground by the District Court, and from an order dismissing the bill on that ground have appealed.

■ Since the former decision was only to the effect that this plaintiff had no lien on the fund either by virtue of the provisions of the mortgage or of the contract now relied on, it is possible, in theory at least, that the contract gave to the plaintiff rights which are enforceable against the creditor defendants which were not adjudicated in the former proceeding. As to such rights, if any, the former order is no bar. The basis of the relief now sought is found in allegations in the bill to the effect that under the contract the plaintiff has an equitable lien upon the fund in the hands of the trustee in bankruptcy. That is clearly the theory upon which the prayer for relief was drawn and as clearly the principal object of this bill although there is a general prayer for relief and it is no longer claimed in so many words that a lien was created.

■ The District Court as a court of bankruptcy has exclusive jurisdiction to determine what disposition shall be made of this fund in its custody. In so far as that was done in the former proceeding the matter is res adjudicata as between this plaintiff, the trustee in bankruptcy of G. K. L. Apartment House Company, Inc., and the creditors of that bankrupt whom the trustee represented. The general rule that a decree is binding upon all parties to a proceeding and their privies is applicable. Upon the theory that the court of bankruptcy has equity powers under its bankruptcy jurisdiction to decide the matter in issue, and that seems to have been the basis of the decision below

sustaining jurisdiction, the decision was without error. But aside from that jurisdiction the court had none because there was no diversity. As the jurisdiction of the court as a court of bankruptcy had already been invoked and a decision rendered against the claim of the plaintiff that it had a lien upon the fund, to the extent that the present issues are the same the former order is conclusive. Assuming, without deciding, that the plaintiff may have other contractual rights against the creditor defendants who signed the contract relied upon, the court was without jurisdiction to grant any relief under the general prayer.

Order affirmed.